| | |
|---|---|
| Gabriel S. Gross (Cal. Bar No. 254672)<br>**LATHAM & WATKINS LLP**<br>140 Scott Drive<br>Menlo Park, CA 94025<br>Phone: (650) 328-4600<br>Email: gabe.gross@lw.com<br><br>Gabrielle LaHatte (Cal. Bar No. 321844)<br>**LATHAM & WATKINS LLP**<br>505 Montgomery Street, Suite 2000<br>San Francisco, California 94111<br>Phone: (415) 391-0600<br>Email: gabrielle.lahatte@lw.com<br><br>Jamie D. Underwood (*pro hac vice forthcoming*)<br>Michael A. David (*pro hac vice forthcoming*)<br>**LATHAM & WATKINS LLP**<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C. 20004-1304<br>Phone: (202) 637-2200<br>Email: jamie.underwood@lw.com<br>Email: michael.david@lw.com | Of Counsel:<br><br>J.C. Rozendaal (*pro hac vice*)<br>Michael Joffre (*pro hac vice*)<br>Deirdre M. Wells (*pro hac vice*)<br>Josephine Kim (Cal. Bar No. 295152)<br>Kristina Caggiano Kelly (*pro hac vice*)<br>**STERNE, KESSLER, GOLDSTEIN &<br>  FOX P.L.L.C.**<br>1101 K Street, NW, 10th Floor<br>Washington, D.C. 20005<br>Phone: (202) 371-2600<br>Email: jcrozendaal@sternekessler.com<br>Email: mjoffre@sternekessler.com<br>Email: dwells@sternekessler.com<br>Email: joskim@sternekessler.com<br>Email: kckelly@sternekessler.com<br><br>*Attorneys for Plaintiffs Ascendis Pharma A/S, Ascendis Pharma Growth Disorders A/S, and Ascendis Pharma, Inc.* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ASCENDIS PHARMA A/S, ASCENDIS PHARMA GROWTH DISORDERS A/S, and ASCENDIS PHARMA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>BIOMARIN PHARMACEUTICAL INC.,<br><br>Defendant. | Case No. 5:25-cv-05696-PCP<br><br>**ASCENDIS PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR STAY PENDING ITC PROCEEDING**<br><br>Judge: Judge Pitts<br>Date: Thursday, August 28, 2025<br>Time: 10:00 a.m.<br>Location: San Jose Courthouse, Courtroom 8, 4th Floor - 280 South First Street, San Jose, CA  95113 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Thursday, August 28, 2025 at 10:00 a.m., or such other time as ordered by the Court, located at San Jose Courthouse, Courtroom 8, 4th Floor - 280 South First Street, San Jose, CA 95113, Plaintiffs Ascendis Pharma A/S, Ascendis Pharma Growth Disorders A/S, and Ascendis Pharma, Inc. (collectively, Plaintiffs or Ascendis) will and hereby do move this Court, pursuant to 28 U.S.C. § 1659(a), to stay this declaratory judgment proceeding against Defendant BioMarin Pharmaceutical Inc. (Defendant or BioMarin), which also is the Complainant in *In the Matter of Certain Drug Products Containing C-Type Natriuretic Peptide Variants, and Components Thereof*, Inv. No. 337-TA-1447 (the 1447 Investigation), until the determination of the United States International Trade Commission (ITC) in the 1447 Investigation becomes final. As set forth in the accompanying Declaration of Gabriel S. Gross, counsel for Ascendis has confirmed that BioMarin opposes this motion.

Pursuant to 28 U.S.C. § 1659(a), Ascendis respectfully moves for an Order, substantially similar to the proposed order attached hereto, staying the above-captioned matter, including all currently scheduled deadlines, until the determination of the ITC in the 1447 Investigation becomes final. The grounds for this motion are as set forth below.

Congress has long mandated that district court actions involving the same issues as a co-pending ITC proceeding are subject to a mandatory stay. 28 U.S.C. § 1659. That statute applies here in view the parallel ITC case between the same parties involving the same patent, and the Court should enter a statutory stay.

On April 1, 2025, BioMarin filed a complaint at the ITC alleging a violation of Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337 (Section 337), based on alleged infringement of the same patent at issue in the instant action—U.S. Reissue Patent No. 48,267 (RE'267 patent). The ITC complaint names the Plaintiffs here as Respondents. Dkt. No. 1-2. The ITC instituted an investigation (the 1447 Investigation) based on the ITC complaint on May 2, 2025, and the notice was published in the Federal Register on May 8, 2025. Gross Decl., Ex. 1.

On April 11, 2025, Ascendis filed an initial complaint for declaratory judgment. *See Ascendis Pharma A/S, et al. v. BioMarin Pharm. Inc.*, Case No. 5:25-cv-03302-YGR, Dkt. No. 1 (N.D. Cal. Apr. 11, 2025). This initial declaratory judgment action was limited in focus to the issue of Ascendis's non-infringement of the same RE'267 patent under the safe harbor of 35 U.S.C. § 271(e)(1), which exempts activities reasonably related to obtaining FDA approval from infringement liability. *See id.* at 8 ("COUNT I (Declaratory Judgment of Non-Infringement under 35 U.S.C. § 271(e)(1))"). On May 16, 2025, BioMarin filed a Motion to Dismiss, or in the Alternative, Motion to Stay, in which it argued "[t]he Court should exercise its broad discretion to dismiss this case in view of the earlier-filed complaint in the International Trade Commission on the same patent." Case No. 5:25-cv-03302-YGR, Dkt. No. 31 at 6 (N.D. Cal. May 16, 2025). BioMarin further asserted in its motion that "the Court can also consider the harm to BioMarin in terms of litigating in two forums simultaneously if a stay is not granted" and that "[s]taying the case will promote judicial efficiency." *Id.* at 14.

Subsequently, on July 7, 2025, Ascendis filed a Notice of Voluntary Dismissal without Prejudice, specifically stating it had "decided to accede to BioMarin's preference to litigate the safe-harbor defense in the ITC." Case No. 5:25-cv-03302-YGR, Dkt. No. 45 at 1 (N.D. Cal. July 7, 2025). In its Notice, Ascendis "provide[d] further notice of its intent to re-file a declaratory judgment complaint for non-infringement of U.S. Reissue Patent No. 48,267, which new action it plans to stay pursuant to the mandatory stay provision of 28 U.S.C. § 1659 in favor of parallel ITC proceedings." *Id.* Ascendis specifically stated that it was "filing a new action rather than amending the complaint and moving to stay the instant action in order to avoid any possible dispute about the applicability to the present action . . . of the mandatory stay provided by that statute." *Id.*

On the same day, July 7, 2025, Ascendis then filed the current action for declaratory judgment. Dkt. No. 1. Among other things, the complaint seeks a broader judgment declaring that Ascendis has not infringed and is not infringing, either directly or indirectly, any claims of U.S. Reissue Patent No. 48,267 (the RE'267 patent) and it is not limited to the narrow safe harbor issue raises in the earlier declaratory judgment action. *See* Dkt. No. 1 at 7 ("COUNT I (Declaratory

Judgment of Non-Infringement"). At present, all of the Plaintiffs in this declaratory judgment action are named as Respondents in the 1447 Investigation, and the patent underlying Plaintiffs' request for declaratory judgment of non-infringement in this action is the patent asserted against Plaintiffs in the 1447 Investigation.

District court claims that involve the same issues as a parallel ITC proceeding are subject to a mandatory stay. Specifically, 28 U.S.C. § 1659(a) provides as follows:

> (a) Stay.--In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within--
>
> (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or
>
> (2) 30 days after the district court action is filed, whichever is later.

28 U.S.C. § 1659(a). A stay issued under this statute remains in effect during any appeals and "until the Commission proceedings are no longer subject to judicial review." *In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007).

Ascendis and BioMarin are parties to both this action and the 1447 Investigation, and the two proceedings involve substantially the same issues, namely the alleged infringement of the same RE'267 patent. Further, this request is timely. The thirty-day period under 28 U.S.C. § 1659(a)(2) did not begin to run until July 7, 2025, the day Ascendis filed the instant district court action seeking declaratory judgment of non-infringement of the RE'267 patent. A stay is, therefore, mandatory under § 1659(a). *See Arris Sols., Inc. v. Sony Interactive Ent. LLC*, 2017 WL 4536415, *1 n.1 (N.D. Cal. Oct. 10, 2017) ("Indeed, such a stay is mandatory under 28 U.S.C. § 1659(a).").

Nevertheless, BioMarin has indicated it will oppose Ascendis's Motion for Stay Pending ITC Proceeding filed pursuant to 28 U.S.C. § 1659 on the ground that plaintiffs are invoking the mandatory stay too late—even though this stay motion is being made within 30 days of the instant action being filed. BioMarin has not identified any authority suggesting that the calculation of the 30-day period for invoking the mandatory stay of § 1659 is in any way affected by a prior, dismissed lawsuit. Nor is Ascendis aware of any such authority. On the contrary, the text of the statute, quoted above, makes plain that the 30-day period for invoking the mandatory stay runs from the time the district court action to be stayed "is filed." The present motion is therefore timely.

Accordingly, Ascendis respectfully requests a stay of this civil action in its entirety pending final resolution of the 1447 Investigation, including any and all appeals and until the Commission proceedings are no longer subject to judicial review. As set forth in Ascendis's proposed order, the parties shall jointly advise the Court of the final decision in the 1447 Investigation not more than thirty (30) days after the determination of the 1447 Investigation becomes final.

For the foregoing reasons, Ascendis respectfully requests that, pursuant to 28 U.S.C. § 1659, the Court enter the attached proposed order staying all proceedings in this action until the determination of the 1447 Investigation becomes final, including any and all appeals and until the Commission proceedings are no longer subject to judicial review, and otherwise vacating all deadlines in this action until such time as the stay is lifted and new deadlines are established.

| | | |
|---|---|---|
| 1 | Dated: July 21, 2025 | /s/ Gabriel S. Gross |
| | | Gabriel S. Gross (Cal. Bar No. 254672) |
| 2 | Of Counsel: | **LATHAM & WATKINS LLP** |
| | | 140 Scott Drive |
| 3 | J.C. Rozendaal (*pro hac vice*) | Menlo Park, CA 94025 |
| | Michael Joffre (*pro hac vice*) | Phone: (650) 328-4600 |
| 4 | Deirdre M. Wells (*pro hac vice*) | Email: gabe.gross@lw.com |
| | Josephine Kim (Cal. Bar No. 295152) | |
| 5 | Kristina Caggiano Kelly (*pro hac vice*) | Gabrielle LaHatte (Cal. Bar No. 321844) |
| 6 | **STERNE, KESSLER, GOLDSTEIN &** | **LATHAM & WATKINS LLP** |
| | **FOX P.L.L.C.** | 505 Montgomery Street, Suite 2000 |
| 7 | 1101 K Street, NW, 10th Floor | San Francisco, California 94111 |
| | Washington, D.C. 20005 | Telephone: (415) 391-0600 |
| 8 | Phone: (202) 371-2600 | Email: gabe.gross@lw.com |
| | Email: jcrozendaal@sternekessler.com | Email: gabrielle.lahatte@lw.com |
| 9 | Email: mjoffre@sternekessler.com | |
| 10 | Email: dwells@sternekessler.com | Jamie D. Underwood (*pro hac vice* |
| | Email: joskim@sternekessler.com | *forthcoming*) |
| 11 | Email: kckelly@sternekessler.com | Michael A. David (*pro hac vice forthcoming*) |
| | | **LATHAM & WATKINS LLP** |
| 12 | | 555 Eleventh Street, NW, Suite 1000 |
| | | Washington, D.C. 20004-1304 |
| 13 | | Telephone: (202) 637-2200 |
| 14 | | Email: jamie.underwood@lw.com |
| | | Email: michael.david@lw.com |
| 15 | | |
| | | *Attorneys for Plaintiffs Ascendis Pharma A/* |
| 16 | | *S, Ascendis Pharma Growth Disorders A/S,* |
| | | *and Ascendis Pharma, Inc.* |