Edward R. Reines (State Bar No. 135960)
ereines@jonesday.com
S. Christian Platt (State Bar No. 199318)
cplatt@jonesday.com
Miguel A. Alvarez (State Bar No. 336117)
miguelalvarez@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:   (650) 739-3939
Facsimile:    (650) 739-3900

Attorneys for Defendant
BIOMARIN PHARMACEUTICAL INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| ASCENDIS PHARMA A/S, ASCENDIS PHARMA GROWTH DISORDERS A/S, AND ASCENDIS PHARMA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>BIOMARIN PHARMACEUTICAL INC.,<br><br>Defendant. | Case No. 4:25-cv-05696-YGR<br><br>**DEFENDANT BIOMARIN'S NOTICE OF MOTION AND MOTION FOR DISCRETIONARY STAY**<br><br>Date:           September 23, 2025<br>Time:           2:00 p.m.<br>Courtroom:  Courtroom 1, 4th Floor<br>Judge:          Hon. Yvonne Gonzalez Rogers |

1

**NOTICE OF MOTION AND MOTION**

2       PLEASE TAKE NOTICE THAT ON September 23, 2025, at 2:00 p.m., or as soon

3   thereafter as this matter may be heard, before the Honorable Yvonne Gonzalez Rogers, in

4   Courtroom 1 on the Fourth Floor of the Oakland Federal District Courthouse, 1301 Clay Street,

5   Oakland, California 94612, Defendant BioMarin Pharmaceutical Inc. ("BioMarin"), by and

6   through its counsel of record, will move the Court to use its discretion to stay this refiled declaratory

7   judgment action, which was brought by Plaintiffs Ascendis Pharma A/S, Ascendis Pharma Growth

8   Disorders A/S, and Ascendis Pharma, Inc. ("Ascendis"), who are also Respondents in a currently

9   pending International Trade Commission ("ITC") investigation, *In the Matter of Certain Drug*

10  *Product Containing C-Type Natriuretic Peptide Variants, and Components Thereof*, Inv. No. 337-

11  TA-1447 ("1447 Investigation").   This motion is based on the following Memorandum, the

12  pleadings and papers on file in this action and the earlier dismissed first-filed and related case

13  *Ascendis Pharma A/S v. BioMarin Pharm.*, No. 4:25-cv-03302 (N.D. Cal.) ("First Action"), and

14  any argument and evidence presented at the hearing on this motion.

15

**RELIEF REQUESTED**

16       BioMarin respectfully requests the Court deny Ascendis's co-pending motion for stay under

17  28 U.S.C. § 1659 (Dkt. 25) and, instead, use its discretion to stay this declaratory judgment action.

18

**MEMORANDUM OF POINTS AND AUTHORITIES**

19       Both parties agree that a stay of this refiled declaratory judgment action is warranted

20  pending the parallel ITC investigation, which is underway.   BioMarin opposes Ascendis's co-

21  pending requested § 1659 stay because Ascendis failed to seek such a stay within 30 days, meaning

22  that statute no longer applies.   In contrast, a discretionary stay would allow the Court to retain

23  jurisdiction to lift the stay in view of any changed circumstances.   Granting a discretionary stay

24  will avoid duplicative litigation while the ITC proceedings are pending, yet preserve the flexibility

25  to lift the stay if warranted.

26       "[T]he power to stay proceedings is incidental to the power inherent in every court to control

27  the disposition of the causes on its docket with economy of time and effort for itself, for counsel,

28  and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).   In the Ninth Circuit, courts

consider three factors in determining whether to grant a discretionary stay pending parallel proceedings: (1) "the possible damage which may result from the granting of a stay;" (2) "the hardship or inequity which a party may suffer in being required to go forward;" and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

All three factors support the granting of a discretionary stay. First, there will be no harm in granting a stay, as both parties agree some form of stay is appropriate. Second, both parties will suffer hardship without a stay, as they will be forced to unnecessarily expend the considerable time and financial resources required to simultaneously litigate fully in this Court and in the ITC. Third, staying the case will promote the orderly course of justice because this action is substantially similar to the ongoing ITC investigation, and simultaneous proceedings could yield inconsistent legal determinations.

The flexibility to lift a stay if circumstances change favors granting a discretionary stay—in contrast to the statutory stay under § 1659 sought by Ascendis. A court that enters a discretionary stay inherently retains the authority to lift that stay. *See, e.g.*, *Delux Pub. Charter, LLC v. Cnty. of Orange, Cal.*, No. 20-cv-02344, 2023 WL 3409119, at *1 (C.D. Cal. Mar. 15, 2023) ("The same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." (citation omitted)). A statutory stay does not give the Court the opportunity to lift a stay "until the determination of the Commission becomes final." 28 U.S.C. § 1659(a); *see In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007) ("§ 1659 requires that the stay of district court proceedings continue until the Commission proceedings are no longer subject to judicial review."). A discretionary stay preserves each party's ability to move for its termination and allows this Court to retain the authority to lift the stay if district court relief is required.

For example, the FDA has set a "goal date of November 30, 2025 to complete its review" of Ascendis's March 31, 2025 New Drug Application ("NDA") for its infringing TransCon CNP product. *See* Dkt. 1, Complaint at ¶ 19. In comparison, the evidentiary hearing in the ITC Investigation will occur in February 2026 with an initial determination of a violation by June 8,

2026.  *See* First Action, Dkt. 37-2, Order No. 5: Initial Determination Setting Target Date and Preliminary Conference (May 27, 2025) at 2.  If the FDA approves Ascendis's NDA, it could import, offer to sell, and sell its infringing TransCon CNP product in the United States before the ITC adjudicates BioMarin's infringement claims.  Should Ascendis proceed with a U.S. launch before the ITC's final decision, BioMarin might seek to lift the stay and pursue preliminary injunctive relief from this Court to maintain the status quo pending a ruling from the ITC.

For all the above reasons, BioMarin respectfully asks this Court to grant BioMarin's motion for a discretionary stay.

Dated: August 4, 2025

Respectfully submitted,

JONES DAY

*/s/ Edward R. Reines*

Edward R. Reines
S. Christian Platt
Miguel A. Alvarez

Attorneys for Defendant
BIOMARIN PHARMACEUTICAL INC.