Edward R. Reines (State Bar No. 135960)
ereines@jonesday.com
S. Christian Platt (State Bar No. 199318)
cplatt@jonesday.com
Miguel A. Alvarez (State Bar No. 336117)
miguelalvarez@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:   (650) 739-3939
Facsimile:    (650) 739-3900

Attorneys for Defendant
BIOMARIN PHARMACEUTICAL INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| ASCENDIS PHARMA A/S, ASCENDIS PHARMA GROWTH DISORDERS A/S, AND ASCENDIS PHARMA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BIOMARIN PHARMACEUTICAL INC., <br><br> Defendant. | Case No. 4:25-cv-05696-YGR <br><br> **DEFENDANT BIOMARIN'S OPPOSITION TO PLAINTIFFS' MOTION FOR STAY PURSUANT TO 28 U.S.C. § 1659; OBJECTION FOR FAILURE TO SERVE** <br><br> Date:         September 9, 2025 <br> Time:         2:00 pm <br> Courtroom:   Courtroom 1, 4th Floor <br> Judge:        Hon. Yvonne Gonzalez Rogers |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs ("Ascendis") refiled this declaratory judgment action, and then immediately moved to stay it pursuant to 28 U.S.C. § 1659, pending resolution of a parallel dispute involving the same patent and product currently ongoing before the International Trade Commission ("ITC"). *See In the Matter of Certain Drug Product Containing C-Type Natriuretic Peptide Variants, and Components Thereof*, Inv. No. 337-TA-1447.   BioMarin does not oppose a stay in light of the ongoing ITC proceedings, but respectfully submits that Ascendis is not entitled to a statutory stay under § 1659.   After filing its initial declaratory judgment action, Ascendis deliberately chose not to request a stay under § 1659 within the statute's mandatory 30-day window, thereby forfeiting its right to such relief.   Granting Ascendis's belated request for a statutory stay—based on the procedural tactic of dismissing and refiling the same declaratory judgment action—would deprive this Court of its discretion to manage its own docket, as § 1659 mandates a stay of all proceedings until the ITC action, including any appeals, is fully resolved.   As Ascendis has forfeited its right under § 1659, BioMarin requests that the Court grant BioMarin's co-pending motion for a discretionary stay, which would preserve the Court's ability to lift the stay at a future date if circumstances warrant.

The history of this litigation provides important context.   On April 11, 2025, Ascendis originally brought this same declaratory judgment action for non-infringement of U.S. Reissue Patent No. 48,267 (the "RE'267") after BioMarin filed its complaint in the ITC.   *See Ascendis Pharma A/S v. BioMarin Pharm.*, No. 4:25-cv-03302 (N.D. Cal.) ("First Action").   Because it made no sense for the two proceedings to move forward in parallel, BioMarin undertook to halt the First Action.   It fully briefed a motion to dismiss and an alternative motion to stay.   *See* First Action, Dkts. 31, 33, and 37.   It also had to oppose an ill-conceived motion for a speedy trial from Ascendis pursuant to Fed. R. Civ. P. 57 and a related motion to shorten time.   *See* First Action, Dkts. 32, 36, 38, 41, and 42.   After all that, with no advance notice or explanation, Ascendis dropped the First Action on the eve of the hearing before this Court on the pending motions.   *See* First Action, Dkt. 45.   Because Ascendis's strategy in the First Action was to push this Court to expedite a trial

regarding RE'267, it affirmatively chose **not** to seek a statutory stay under 28 U.S.C. § 1659, which Ascendis was required to do within 30 days of commencing the action, and thus forfeited its ability to do so.  Indeed, Ascendis even opposed BioMarin's alternative request for a discretionary stay.

After dismissing its first non-infringement declaratory judgment action, Ascendis immediately filed this second non-infringement declaratory judgment action, *Ascendis Pharma A/S v. BioMarin Pharm.*, No. 4:25-cv-05696 (N.D. Cal.) ("Second Action"), relating to the same patent and the same accused product.  No colorable dispute exists that any new theories articulated in the Second Action could have been raised in the First Action; there was no need for Ascendis to drop the first case and file another.  Ascendis's decision to do so was admittedly tactical.  Ascendis intentionally decided to allow the 30-day time limit for invoking the § 1659 stay to lapse in the First Action—but then brought the Second Action because it now intended to seek a stay, although the First Action had "been pending for more than 30 days."  First Action, Dkt. 45 at 1.  Ascendis's sole goal in refiling its declaratory judgment complaint was to attempt to reset the 30-day clock on the § 1659 stay to avoid the statutory consequences of its own conduct.  Allowing Ascendis to proceed in this way would render the 30-day limit in § 1659 a nullity, and the Court need not and should not condone it.

Instead of tolerating Ascendis's tactics, the Court should enter a discretionary stay.  This distinction is important because unlike a § 1659 stay (which remains in place until the determination of the ITC becomes final), this Court can lift a discretionary stay for good cause.  And there are scenarios where the parties might need the aid of this Court during the life of the ITC proceeding.

Accordingly, BioMarin respectfully asks this Court to enter a stay, but to do so in the exercise of its discretion and not pursuant to § 1659.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On April 1, 2025, BioMarin filed a complaint against Ascendis in the ITC under Section 337 of the Tariff Act of 1930 to investigate "the unlawful and unfair importation into the United States, and sale for importation into the United States, of certain drug products containing C-type natriuretic peptide ('CNP') variants, and components thereof . . . that infringe, directly and/or indirectly, one or more claims of U.S. Reissue Patent No. 48,267." *See* Second Action, Dkt. No. 1-

2, ITC Complaint at ¶ 1.  Shortly thereafter, on April 11, 2025, Ascendis filed a declaratory judgment action for non-infringement of RE'267.  *See* First Action, Dkt. 1.  It did so at least in part to try to use this Court to collaterally attack the ITC proceedings involving the same patent.  *See* Second Action, Dkt. 1-2, ITC Complaint at ¶ 1.[1]

Although Ascendis contends the First Action was limited to its purported "safe harbor" defense to patent infringement under 35 U.S.C. § 271(e)(1), its complaint—just like the current complaint—broadly sought a declaration of non-infringement.  *Compare* Second Action, Dkt. 1, Prayer for Relief ¶ A, *with* First Action, Dkt. 1, Prayer for Relief ¶ B (The prayers for relief both request "[a] judgment declaring that Ascendis has not infringed and is not infringing, either directly or indirectly, any claims of the RE'267 patent.").  Rather than invoke a § 1659 stay of its action in this Court within the 30-day statutory limit, Ascendis instead sought just the opposite:  an expedited trial.  *See* First Action, Dkt. 32.  Not only did Ascendis decline to request a § 1659 stay, it actually ***opposed*** BioMarin's request for a stay, arguing that "[t]he balance of equities and prejudice to Ascendis, however, weigh heavily against this Court exercising its discretion to dismiss or stay" and there is "clear harm to Ascendis from granting a stay." *See* First Action, Dkt. 33 at 9 and 14.

With a hearing scheduled for July 15, 2025, on the parties' respective motions, and with no advance notice to BioMarin, Ascendis filed a notice of voluntary dismissal without prejudice.  *See* First Action, Dkt. 45.  It admitted that the real reason for its dismissal was to try to circumvent the 30-day deadline in § 1659 that it had purposefully allowed to lapse in the First Action.  Namely, Ascendis explained it would seek to attempt to reset the clock by refiling its lawsuit:

> Ascendis provides further notice of its intent to ***re-file*** a declaratory judgment complaint for non-infringement of U.S. Reissue Patent No. 48,267, which new action it plans to stay pursuant to the mandatory stay provision of 28 U.S.C. § 1659 in favor of parallel ITC proceedings.  Ascendis is filing a new action rather than amending the complaint and moving to stay the instant action in order to avoid any possible dispute about the applicability to the present action (***which has been pending for more than 30 days***) of the mandatory stay provided by that statute.

First Action, Dkt. 45 at 1 (emphasis added).

---

[1] The ITC investigation is well underway, with an evidentiary hearing scheduled in February 2026.  *See* First Action, Dkt. 37-2, Order No. 5: Initial Determination Setting Target Date and Preliminary Conference (May 27, 2025) at 2.

On the same day as filing its voluntary dismissal, Ascendis filed this declaratory judgment action for non-infringement of the same patent. *See* Second Action, Dkt. 1. Subsequently, Ascendis brought this motion for a statutory stay on July 21, 2025, more than ***100 days*** after its declaratory judgment complaint was first filed in a district court action. *See* Second Action, Dkt. 25.

Cognizant that its 30-day deadline for requesting a § 1659 stay had lapsed in the First Action, Ascendis appears to have ignored or only haphazardly complied with various requirements of this Court's Civil and Patent Local Rules in an effort to avoid having this Second Action related to the First Action. *See* First Action, Dkt. 46 at 1 (noting Ascendis ignored the Civ. L.R. 3-3 requirement that if any "civil action is dismissed and subsequently refiled, the refiling party must file a Motion to Consider Whether Cases Should Be Related pursuant to Civil L.R. 3-12."); *see id*. at 2 (noting Ascendis was required pursuant to Pat. L.R. 2-1(a)(2) to "promptly file in each such case A Notice of Pendency of Other Action Involving Same Patent," but did not file such Notice in the First Action).

On July 24, 2025, after Ascendis refused to do so, BioMarin moved for this Court to relate the two actions. *See* First Action, Dkt. 46 at 1–3. And despite its earlier protestations, Ascendis filed a statement of non-opposition—and the Court found the cases related. *See* First Action, Dkt. 47 at 1 ("Ascendis has no objection to the two actions being related") and Dkt. 48.

### III.   LEGAL STANDARD

#### A.   Statutory stay

##### 1.   28 U.S.C. § 1659

28 U.S.C. § 1659 sets forth when a statutory stay should be granted:

> In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, ***but only if such request is made within***-- (1) 30 days after the party is named as a respondent in the

proceeding before the Commission, or (2) **30 days after the district court action is filed**, whichever is later.

(emphasis added).

### 2. Legislative history for 28 U.S.C. § 1659

Legislative history reflects that 28 U.S.C. § 1659 was designed to protect accused infringers from district court litigation when there is a pending parallel ITC investigation by remedying "the possibility that importers or producers of imported goods might have to defend their products simultaneously before the ITC and in Federal district court." S. Rep. No. 103-412, at 121 (1994). The 30-day deadline was added

[t]o **avoid abuse of this provision** and to encourage prompt adjudication in the district courts, any request for a stay must be made within 30 days after the defendant in a district court action is effectively served or 30 days after a party is formally named as a respondent in a Commission action, whichever is later.

H.R. Rep. No. 103-826(I), at 141–42 (1994) (emphasis added).

## B. Discretionary stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In the Ninth Circuit, courts consider three factors in determining whether to grant a discretionary stay pending parallel proceedings: (1) "the possible damage which may result from the granting of a stay;" (2) "the hardship or inequity which a party may suffer in being required to go forward;" and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

## IV. ARGUMENT

### A. The parties agree that this case should be stayed in view of the ITC action

Both parties agree a stay of this refiled declaratory judgment action is warranted pending the parallel ITC investigation, which is underway and will address the issue of infringement. BioMarin opposes Ascendis's requested § 1659 stay because it failed to seek such a stay within 30

1    days, meaning that statute no longer applies.  Moreover, a discretionary stay would allow the Court

2    to retain jurisdiction to lift the stay in view of any changed circumstances.

3        **B.    Granting Ascendis's statutory stay would condone the "abuse" that the 30-day deadline was designed to prohibit**

4

5        Requesting a statutory stay more than 30 days after Ascendis initiated its district court action

6    (and months after it was named a respondent in the ITC) is contrary to the logic of § 1659 and

7    represents an "abuse" of the statutory stay that the 30-day deadline was meant to prevent.  Ascendis

8    knowingly forfeited its right to a statutory stay.  The legislative history makes apparent that the 30-

9    day deadline is an important safeguard of the statute "[t]o avoid abuse of this provision and to

10   encourage prompt adjudication in the district courts."  *See* H.R. Rep. No. 103-826(I), at 141–42

11   (1994).

12       Even if Ascendis is the respondent in the ITC proceeding and the same issues are involved

13   in both fora, this motion is untimely.  Ascendis openly admits it refiled its declaratory judgment

14   complaint to circumvent the 30-day deadline to move for a statutory stay.  *See* First Action, Dkt.

15   45 at 1 ("Ascendis is filing a new action rather than amending the complaint and moving to stay

16   the instant action in order to avoid any possible dispute about the applicability to the present action

17   (which has been pending for more than 30 days) of the mandatory stay provided by that statute.").

18   Ascendis has forfeited its right to a statutory stay and cannot now argue a statutory stay is

19   mandatory when it did not move for one within 30 days after the First Action was filed.

20       Ascendis's gamesmanship should not be rewarded with a statutory stay.

21       **C.    Courts in similar circumstances do not allow evasion of statutory deadlines**

22       In the context of removal motions, courts have found the 30-day deadline to remove a case

23   starts with the initial pleading, even when that pleading is voluntarily dismissed and then refiled.

24   *See Brazos Presbyterian Homes Inc. v. Thomas Hancock Witte & Assocs.*, 692 F. Supp. 3d 704,

25   709–11 (S.D. Tex. 2022).  When defendants attempt to remove a case outside the 30-day statutory

26   period, courts have found such removal untimely and a waiver of their right to remove.  *See id*. at

27   711–12.

28

When courts compare consecutive complaints in removal motions, they have looked to see if the second action "is in no practical respect an entirely new and different cause of action." *Korzinski v. Jackson*, 326 F. Supp. 2d 704, 707 (E.D.N.C. 2004) (internal citations omitted). This underlying principle should also apply here. Ascendis fails in its attempt to distinguish its two declaratory judgment actions by stating the second complaint "seeks a broader judgment" regarding noninfringement and "it is not limited to the narrow safe harbor issue." Second Action, Dkt. 25 at 2. This assertion ignores that both actions broadly seek "[a] judgment declaring that Ascendis has not infringed and is not infringing, either directly or indirectly, any claims of the RE'267 patent." *Compare* Second Action, Dkt. 1, Prayer for Relief ¶ A, *with* First Action, Dkt. 1, Prayer for Relief ¶ B. The refiled declaratory judgment action is not entirely new, nor a different cause of action. Ascendis has admitted, and this Court has ordered, that these two actions be related. *See* First Action, Dkt. 47 at 1 ("Ascendis has no objection to the two actions being related"); Dkt. 48 at 1 ("I find that the more recently filed case(s) [25-cv-05696-PCP] that I have initialed below are related to the case assigned to me, and such case(s) shall be reassigned to me."). Ascendis cannot get around its failed tactical decisions to try to distance these cases. These actions are related and substantially the same.

Therefore, Ascendis's initial pleading in the First Action is the first filed declaratory judgment action, and thus the Court should start the 30-day statutory deadline on April 11, 2025, making Ascendis's § 1659 motion untimely.

### D.    A discretionary stay offers the Court more flexibility than the statutory stay

As set forth in BioMarin's co-pending motion, a discretionary stay is proper—especially where both parties agree that a stay makes sense. First, there will be no harm in granting a stay, as both parties have agreed to a stay. Second, both parties will suffer hardship without a stay, as they will be forced to unnecessarily expend the considerable time and financial resources required to simultaneously litigate fully in this Court and in the ITC. Third, staying the case will promote the orderly course of justice because this action is substantially similar to the ongoing ITC investigation, and simultaneous proceedings could yield inconsistent legal determinations. Thus, all factors favor a discretionary stay.

1    Relying on *Landis*'s principles, a court that grants a discretionary stay inherently retains the

2    authority to lift that stay.  *See, e.g.*, *Delux Pub. Charter, LLC v. Cnty. of Orange, Cal.*, No. 20-cv-

3    02344, 2023 WL 3409119, at *1 (C.D. Cal. Mar. 15, 2023) ("The same court that imposes a stay

4    of litigation has the inherent power and discretion to lift the stay." (citation omitted)); *Tribe v. U.S.*

5    *Bureau of Reclamation*, No. 19-CV-04405-WHO, 2021 WL 4482117, at *3 (N.D. Cal. Sept. 30,

6    2021) ("Courts within the Ninth Circuit have recognized that the court may abandon its imposed

7    stay of litigation if the circumstances that persuaded the court to impose the stay in the first place

8    have changed significantly." (citation omitted) (internal quotation marks omitted)).  The Court

9    should grant BioMarin's co-pending motion for a discretionary stay, as it will give the Court

10   discretion to lift the stay when it determines circumstances have changed.

11    A statutory stay does not give the Court the opportunity to lift a stay under any

12   circumstances.  *See* 28 U.S.C. § 1659(a) (the stay will be in effect "until the determination of the

13   Commission becomes final").  This Court would be powerless until the ITC investigation is

14   complete, including all appeals.  *In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007) ("§ 1659

15   requires that the stay of district court proceedings continue until the Commission proceedings are

16   no longer subject to judicial review.").  It should be for the Court to decide when a lift is warranted

17   rather than a statutory imposition.  There may come a need for district court relief, which would be

18   impossible to obtain with a statutory stay.  If a discretionary stay were granted instead, both parties

19   would have the opportunity to move for the stay to be lifted if the circumstances warranted it.

20    As just one example, it is possible that Ascendis will receive FDA approval of its infringing

21   TransCon CNP product before the ITC has ruled on the merits of BioMarin's infringement claims.

22   The FDA has set a "goal date of November 30, 2025 to complete its review" of Ascendis's

23   March 31, 2025 New Drug Application ("NDA") for its infringing TransCon CNP product.  *See*

24   Second Action, Dkt. 1 at ¶ 19.  In comparison, the evidentiary hearing in the ITC Investigation will

25   occur in February 2026 with an initial determination of a violation by June 8, 2026.  *See* First

26   Action, Dkt. 37-2, Order No. 5: Initial Determination Setting Target Date and Preliminary

27   Conference (May 27, 2025) at 2.  If the FDA approves Ascendis's NDA, it could import, offer to

28   sell, and sell its infringing TransCon CNP product in the United States before the ITC adjudicates

1   BioMarin's infringement claims.  If Ascendis were to then launch its product in the United States

2   without waiting for the ITC's decision, BioMarin might seek to lift the stay and pursue preliminary

3   injunctive relief from this Court to maintain the status quo pending a ruling from the ITC.

4          For all the above reasons, the Court should deny Ascendis's requested statutory stay in favor

5   of a discretionary stay.

6   **V.      OBJECTION FOR FAILURE TO SERVE THE MOTION OR PROVIDE A
            CERTIFICATE OF SERVICE**

7

8          Ascendis failed to serve BioMarin with its Motion or file a certificate of service.  BioMarin

9   objects to Ascendis's failure to do so.  Fed. R. Civ. P. 5(a)(1)(D) and Civ. L.R. 5-1(h)(2) require

10  Ascendis to serve BioMarin with its Motion.  As BioMarin's counsel had not yet appeared in this

11  Second Action, ECF notification was not an effective means of service—and Ascendis has not

12  served BioMarin by any manner.[2]  Fed. R. Civ. P. 5(d)(B)(i) and Civ. L.R. 5-5 also require Ascendis

13  to file a certificate of service, which it has not done, and pursuant to Civ. L.R. 5-5(b) its Motion

14  "may be disregarded by the Judge if an adverse party timely objects on the ground of lack of

15  service."  As BioMarin has timely objected on the grounds of lack of service, the Court may

16  disregard this Motion.

17  **VI.     CONCLUSION**

18         BioMarin respectfully asks this Court to deny Ascendis's motion for stay pursuant to 28

19  U.S.C. § 1659, grant BioMarin's co-pending motion for a discretionary stay, and sustain the

20  objection for failure to serve its Motion or provide proof of certificate of service.

21

22

23

24

25

---

26  [2] Ascendis also failed to serve the various pleadings discussed in BioMarin's Administrative
    Motion to Consider Whether Cases Should be Related (First Action, Dkt. 46), which outlines

27  Ascendis's lack of compliance with the Court's local rules on its refiled case involving the same
    patent and same declaratory judgment claim.  Notwithstanding Ascendis's procedural maneuvers,

28  the Court found the cases related.  *See* First Action, Dkt. 48.

1

Dated: August 4, 2025

Respectfully submitted,

2

JONES DAY

3

4

*/s/ Edward R. Reines*

Edward R. Reines

5

S. Christian Platt

Miguel A. Alvarez

6

7

Attorneys for Defendant
BIOMARIN PHARMACEUTICAL INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28