Edward R. Reines (State Bar No. 135960)
ereines@jonesday.com
S. Christian Platt (State Bar No. 199318)
cplatt@jonesday.com
Miguel A. Alvarez (State Bar No. 336117)
miguelalvarez@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:   (650) 739-3939
Facsimile:    (650) 739-3900

Attorneys for Defendant
BIOMARIN PHARMACEUTICAL INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| ASCENDIS PHARMA A/S, ASCENDIS PHARMA GROWTH DISORDERS A/S, AND ASCENDIS PHARMA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BIOMARIN PHARMACEUTICAL INC., <br><br> Defendant. | Case No. 4:25-cv-05696-YGR <br><br> **DEFENDANT BIOMARIN'S REPLY IN SUPPORT OF MOTION FOR DISCRETIONARY STAY** <br><br> Date:          September 23, 2025 <br> Time:         2:00 p.m. <br> Courtroom: Courtroom 1, 4th Floor <br> Judge:        Hon. Yvonne Gonzalez Rogers |

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

Ascendis's decision to file a case in this District, then dismiss it on the eve of a motion to dismiss hearing, only to refile it again minutes later and then ask to *stay* it, is confounding, to put it mildly, and has led to nearly 100 entries across two dockets. But at this point, the parties agree that the case should be stayed. BioMarin has urged a discretionary stay, which would allow this Court the flexibility to consider a request from either side to lift the stay in the future if changed circumstances warrant doing so. In its response, Ascendis does not dispute that the *Lockyer* factors are met here, and it offers no showing of prejudice or other reason why the Court should not enter such a stay. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). As such, BioMarin's motion is effectively unopposed, and should be granted.

Ascendis argues that a *discretionary* stay is moot because Ascendis "invoked" a *statutory* stay under 28 U.S.C. § 1659—but that is wrong. By its plain text, § 1659 is not simply "invoked." The ITC respondent has "30 days" to request a stay of parallel district court litigation. Ascendis waited to request a stay for *more than 100 days* after first filing its action, and thus its request is time-barred. Ascendis knows this and has candidly acknowledged that the *only* reason it voluntarily dismissed its declaratory judgment action and then immediately refiled it was because the 30-day time limit under § 1659 had passed. *See Ascendis Pharma A/S v. BioMarin Pharm.*, No. 4:25-cv-03302 (N.D. Cal.), Dkt. 45 at 1.

Ascendis does not deny that allowing a party to end-run the 30-day deadline by simply dropping and refiling its case would render the statutory deadline a nullity. Instead, it argues that its refiled case is somehow "different" from its original case, so there is no concern. The record shows otherwise. Ascendis's original and refiled actions both present the same request for a declaration of non-infringement about the same product and the same patent. And Ascendis ultimately conceded that the cases are properly considered related by the Court (*Id.*, Dkt. 47 at 1), despite initially trying a host of dubious procedural tactics to avoid that result. Further driving home this point, Ascendis has acknowledged that it cannot dismiss the refiled case, because doing so "operates as an adjudication on the merits." Dkt. 41 at 4. That can be true only if the original case that Ascendis dismissed involved "the same claim." Fed. R. Civ. P. 41(a)(1)(B). With that

concession, Ascendis undoes its own argument.  There is simply no reason for this Court to be the first to hold that an ITC respondent can avoid the 30-day deadline[1] by following Ascendis's playbook of dropping and refiling the same claim in the hopes of restarting the clock.

Instead, a discretionary stay is appropriate.  BioMarin's opening brief showed that each of the *Lockyer* factors favors a discretionary stay here (Dkt. 35 at 2), and Ascendis does not contend otherwise.  Although Ascendis baldly asserts that "BioMarin gave up the right to demand a preliminary injunction in district court" when it filed the ITC action (Dkt. 46 at 1), that argument misses both the procedural posture and the point.  ***Ascendis*** filed this case, not BioMarin.  BioMarin has not sought any form of injunctive relief, and at this point it has no way of knowing whether such a request will ever become necessary.  BioMarin noted in its opening brief that there are potential circumstances in the future in which injunctive relief might become relevant (Dkt. 35 at 2–3), but that all depends on how events progress before the FDA, in the ITC, and in the marketplace.  If the Court enters a discretionary stay consistent with *Lockyer*, then it will at least retain the authority to consider whether the stay should be lifted in the future based on changed circumstances.  *See Tribe v. U.S. Bureau of Reclamation*, No. 19-CV-04405, 2021 WL 4482117, at *3 (N.D. Cal. Sept. 30, 2021) ("Courts within the Ninth Circuit have recognized that the court may abandon its imposed stay of litigation if the circumstances that persuaded the court to impose the stay in the first place have changed significantly." (citation omitted) (internal quotation marks omitted)).

BioMarin respectfully requests that this Court grant BioMarin's motion for a discretionary stay.

---

[1] And even if Ascendis's hyper-technical reading of § 1659 permits it to restart the clock by dismissing and refiling, § 1659 still required that it move for a stay "within 30 days" of its July 7, 2025, refiled lawsuit.  Here, despite this Court's requirement that motions be "filed, served and noticed," Ascendis admittedly never bothered to serve its motion until August 8, two days after the 30 days had passed (and despite BioMarin's Objection).  Civ. L.R. 7-2(a); *see* Civ. L.Rs. 5-1 and 5-5.

Dated: August 25, 2025

Respectfully submitted,

*/s/ Edward R. Reines*

Edward R. Reines
S. Christian Platt
Miguel A. Alvarez

Attorneys for Defendant
BIOMARIN PHARMACEUTICAL INC.