**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ASCENDIS PHARMA, INC. ET AL.,**<br>Plaintiffs,<br>vs.<br>**BIOMARIN PHARMACEUTICAL INC.,**<br>Defendant. | Case No. 4:25-cv-05696 -YGR<br><br>**ORDER GRANTING STAY**<br><br>Re: Dkt Nos. 25, 35 |

Pending before this Court are two motions to stay this action. Plaintiffs Ascendis Pharma, Inc., Ascendis Pharma A/S, and Ascendis Pharma Growth Disorders A/S (collectively, "Ascendis") moved for a mandatory stay pending International Trade Committee ("ITC") proceedings under 28 U.S.C. § 1659(a). (Dkt. No. 25.) Defendant BioMarin Pharmaceutical Inc. ("BioMarin") disagreed with Ascendis's basis for a stay and moved for its own stay under *Landis*. (Dkt. No. 35.) For the reasons discussed below, the Court **GRANTS** BioMarin's motion to stay.

**I.     FACTUAL BACKGROUND**

Ascendis and BioMarin are both drug manufacturers that are developing treatments for children with achondroplasia (ACH), a genetic condition that causes short-limbed dwarfism. (Compl. ¶ 16.)

In 2021, BioMarin launched Voxzogo, an FDA-approved treatment for ACH. (*Id.* ¶¶ 26–28.) BioMarin secured a reissued patent for this drug—Patent No. 48,267 ('267 Patent)—from the USPTO that covers certain C-type natriuretic peptides ("CNP variants"). (*Id.* ¶ 25.)

Plaintiff Ascendis hopes to launch a drug that also treats ACH. On March 31, 2025, Ascendis filed a New Drug Application ("NDA") with the FDA for its drug TransCon CNP. (*Id.* ¶¶ 16, 18–19.) The next day, BioMarin filed a complaint with the ITC ("ITC complaint") to investigate "the unlawful and unfair importation into the United States, and sale for importation

into the United States, of certain drug products containing C-type natriuretic peptide ('CNP') variants, and components thereof . . . that infringe, directly and/or indirectly, one or more claims of U.S. Reissue Patent No. 48,267." (*Id.* ¶ 25; Ex. 2.) In short, BioMarin alleges that Ascendis unlawfully imported "excess quantities" of a drug substance that infringes BioMarin's patent and may be used for commercial sale.

Ascendis vigorously denies those claim. Ascendis's TransCon CNP has not been approved by the FDA. (*Id.* ¶ 19.) Ascendis alleges that is not "made, used, offered to sell, sold, or imported its TransCon CNP into the United States, other than for reasons directly related to obtaining FDA approval." (*Id.*) Ascendis maintains that it "had TransCon CNP imported into the United States, solely for use in clinical trials and testing to obtain regulatory approval." (*Id.*)

## II. PROCEDURAL BACKGROUND

The parties' mutual assertions of the other's gamesmanship warrant an explanation of the procedural history of the cases.

After BioMarin filed the ITC complaint, Ascendis filed a prior action seeking declaratory judgment on its safe harbor defense. (Case No. 25-cv-3302, "Prior Action.") BioMarin moved to dismiss, or otherwise stay, that action while the investigation was proceeding before the ITC. (*Id.*, Dkt. No. 31.) Once that motion was fully briefed, Ascendis filed a notice of voluntary dismissal explaining that it "has decided to accede to BioMarin's preference to litigate the safe-harbor defense in the ITC" but planned to "re-file a declaratory judgment complaint for non-infringement" where it would seek a stay in favor of the ITC proceedings. (*Id.*, Dkt. No. 45.)

Ascendis filed a new action, the instant case, the same day, as promised. Ascendis also filed a notice of the pendency of another action involving the same patent in its new action. (Dkt. No. 24.) A week later, BioMarin filed an administrative motion for this Court to determine whether the instant action (which was then-pending before a different judge in this district) was related to the Prior Action. (Case No. 4:25-cv-03302; Dkt. No. 46.) The Court agreed that the cases were similar and formally related the cases on July 29, 2025. (Dkt. No. 26.)

For reasons set forth below, Ascendis and BioMarin now swap positions relative to the stay. Ascendis moves for a statutory stay, while BioMarin opposes the statutory stay—that it

2

initially requested—in favor of a *Landis* stay. Those motions are now before the Court.

### III.    ANALYSIS

Neither party disputes that a stay, generally, is appropriate.

Ascendis moves for a mandatory stay of its declaratory judgment action under 28 U.S.C. § 1659(a). Section 1659(a) provides:

> In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, **the district court shall stay**, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within—
>
> (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or
>
> (2) **30 days after the district court action is filed**,
>
> whichever is later.

(Emphasis supplied.) A stay under section 1659(a) is mandatory. *Aliphcom v. Fitbit, Inc.*, 154 F. Supp. 3d 933, 937 (N.D. Cal. 2015); *Google Inc. v. Creative Labs, Inc.*, 2016 WL 6947564, at *1–2 (N.D. Cal. Nov. 28, 2016).

BioMarin contests only that Ascendis's request for a stay is timely. Although Ascendis requested a stay within 30 days from the time it filed *this* action, more than 30 days have passed since Ascendis filed the Prior Action. BioMarin argues that Ascendis should not be rewarded with a stay for its gamesmanship in dismissing and the refiling a new lawsuit for the explicit purpose of invoking the mandatory stay. The Court agrees.

Although the Court finds that Ascendis has met the statutory requirements in the instant action, it failed to do so—rather, it opposed doing so—in in the Prior Action.[1] Dismissing and re-filing its case should not allow Ascendis to re-start it clock. Doing so would encourage further waste of judicial resources. Finally, BioMarin provides the Court with an alternative route to

---

[1] The Court understands that 28 U.S.C. § 1659(a) contains mandatory language. Neither party has cited any authority that, given the gamesmanship on Ascendis's part, the Court cannot reach the same result through alternative means.

3

achieve the same result without condoning Ascendis's filing gamesmanship.

A district court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Those competing interests are: (1) "the possible damage which may result from the granting of a stay", (2) "the hardship or inequity which a party may suffer in being required to go forward", and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc*, 300 F.2d at 268).

Given that Ascendis and BioMarin both move for a stay, neither party will be harmed by the stay. The orderly course of justice also favors a stay because "[t]he purpose of § 1659(a) was to prevent infringement proceedings from occurring in two forums at the same time." *In re Princo Corp.*, 486 F.3d 1365, 1368 (Fed. Cir. 2007). The Court sees no reason why it should proceed in parallel with the ITC. All factors considered under *Landis* weigh in favor of a stay.

\* \* \*

The Court thus **GRANTS** Ascendis's motion to stay these proceedings pending the final resolution of the ITC proceedings. BioMarin's motion for a stay is denied as moot.

Given the procedural posture, **IT IS HEREBY ORDERED** that the instant case is **CLOSED** for statistical purposes only.

Nothing contained in this order shall be construed as a dismissal or disposition of the action, and should further proceedings become necessary herein, any party may initiate them in the same manner as if this Order had not been entered.

The parties are **ORDERED** to file a joint notice within fourteen days of final resolution of the ITC investigation, stating that the ITC proceeding has resolved and proposing a case management plan for the instant case, including notification as to whether the action should be returned to the Court's active docket.

This terminates Dkt. Nos. 25 and 35.

**IT IS SO ORDERED.**

Dated: September 9, 2025

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**