Roger J. Chin (Cal. Bar No. 184662)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111
(415) 391-0600
roger.chin@lw.com

Jamie D. Underwood (*pro hac vice*)
Michael A. David (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
(202) 637-2200
jamie.underwood@lw.com
michael.david@lw.com

J.C. Rozendaal (*pro hac vice*)
Michael Joffre (*pro hac vice*)
Deirdre Wells (*pro hac vice*)
Kristina Caggiano Kelly (*pro hac vice*)
Josephine Kim (Cal. Bar No. 295152)
**STERNE, KESSLER, GOLDSTEIN
& FOX P.L.L.C.**
1101 K Street, NW, 10th Floor
Washington, D.C. 20005
(202) 371-2600
jcrozendaal@sternekessler.com
mjoffre@sternekessler.com
dwells@sternekessler.com
kckelly@sternekessler.com
joskim@sternekessler.com

*Attorneys for Plaintiffs Ascendis Pharma
A/S, Ascendis Pharma Growth Disorders
A/S, and Ascendis Pharma, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| ASCENDIS PHARMA A/S, ASCENDIS PHARMA GROWTH DISORDERS A/S, and ASCENDIS PHARMA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BIOMARIN PHARMACEUTICAL INC., <br><br> Defendant. | Case No. 4:25-cv-05696-YGR <br><br> **PLAINTIFFS' OPPOSITION TO BIOMARIN'S ADMINISTRATIVE MOTION TO LIFT DISCRETIONARY STAY AND SET PRELIMINARY INJUNCTION BRIEFING** <br><br> Judge: Hon. Yvonne Gonzalez Rogers |

LATHAM&WATKINS LLP
Attorneys At Law

No. 4:25-cv-05696-YGR

Plaintiffs' Opp. To Admin. Mot. To Lift Discretionary
Stay and Set Preliminary Injunction Briefing

## I.      THE COURT SHOULD DENY BIOMARIN'S MOTION TO LIFT THE STAY

There is no reason to disturb the current stay "pending the final resolution of the ITC proceedings." Dkt. No. 54 at 4. This Court already found that "[t]he orderly course of justice [] favors a stay because '[t]he purpose of § 1659(a) was to prevent infringement proceedings from occurring in two forums at the same time'" and there is "no reason why it should proceed in parallel with the ITC." *Id*. BioMarin offers no basis to change course, let alone any significant change in circumstances required to lift the stay under Ninth Circuit law. Its motion should be denied.

### A.      Maintaining the Stay Will Not Harm BioMarin

BioMarin's actions and public statements belie the feigned sense of urgency in its motion. To the contrary, BioMarin's choice of the ITC, the public statements of its officers dismissing any purported competitive harm, and BioMarin's delay in filing the present motion, all confirm that maintaining the current stay will not harm BioMarin.

As an initial matter, BioMarin's own litigation strategy confirms that the stay will not harm it. BioMarin chose to press its patent infringement claims at the ITC, not in district court. That choice had consequences. When BioMarin filed suit at the ITC, it knew that it risked forfeiting the ability to seek a preliminary injunction (PI) in district court. Indeed, BioMarin explained in prior related litigation: "It is well accepted that proceedings on the same patent infringement disputes should not proceed in parallel at the ITC and in the district court." No. 25-cv-3302-YGR, Dkt. No. 31 at 13. Despite this, BioMarin elected to move forward in the ITC knowing that Ascendis's YUVIWEL® product was likely to be approved before any ITC decision would issue. Dkt. No. 1-2, at 31 ¶ 49. Its motion is nothing more than procedural maneuvering to claw back the PI remedy it knowingly surrendered, in an effort to disrupt Ascendis's launch of a drug that the FDA determined is necessary to "address unmet medical needs" for a "rare pediatric disease" affecting children. *See* https://www.accessdata.fda.gov/drugsatfda_docs/appletter/2026/219164Orig1s000ltr.pdf, at 2; https://www.fda.gov/media/86377/download, at 2.

BioMarin's litigation-driven claims of harm and "market confusion" are also flatly contradicted by its own public statements. Its arguments all rest on the unsupported premise that patients will immediately and widely switch from its product to YUVIWEL upon launch. Dkt. No. 59 at 1,

LATHAM&WATKINS<sup>LLP</sup>
Attorneys At Law

No. 4:25-cv-05696-YGR

Plaintiffs' Opp. To Admin. Mot. To Lift Discretionary
Stay and Set Preliminary Injunction Briefing

1

2. But outside of litigation, BioMarin has said the opposite. At its February 23, 2026 earnings call, shortly before YUVIWEL's approval, BioMarin was asked how it saw the market evolving with a weekly-dosing therapy becoming available. BioMarin responded that its market research reveals "a fair amount of reticence" among patients doing well on Voxzogo to switch therapies, noting that "[t]here's not going to be a huge incentive to switch right away, especially because the long-term data for safety and efficacy hasn't yet played out for the other products, and that's really important." Ex. A at 13. After YUVIWEL's approval, BioMarin's CFO acknowledged at a March 4, 2026 conference that "[t]he competitor was approved by the FDA on Friday" and stated that "[w]e believe any switching of our Voxzogo patients will take time and be difficult." Ex. B at 4. When asked about the impact of YUVIWEL's approval on Voxzogo, BioMarin's CEO responded that "[i]t's a complicated decision to switch" and "[t]his will not be a rapid switching market because . . . [p]atients do very well on Voxzogo." *Id*. at 8. He further explained that "all of our market research reinforces that the switching dynamic will be a complicated one." *Id*. BioMarin cannot credibly claim irreparable harm in court in the face of its public statements that patient switching will be slow and difficult.

By contrast, lifting the stay would cause immediate and significant harm to Ascendis by forcing it into duplicative two-front litigation, exactly what § 1659 was enacted to prevent. BioMarin itself has recognized this burden when seeking a discretionary stay in its favor, emphasizing "the considerable time and financial resources required to simultaneously litigate fully in this Court and the ITC." Dkt. 35 at 2. BioMarin cannot now disavow those very arguments when it is Ascendis facing the same burden. In fact, the harm Ascendis faces now is far more acute: BioMarin has demanded an expedited PI schedule requiring that all PI briefing be concluded by April 6—a mere two weeks before the April 20 ITC trial. This forces Ascendis to divert counsel, technical experts, and corporate resources in the critical days and weeks leading up to the ITC trial. BioMarin does not face the same hardship—it had months to prepare its PI motion, and despite having all that time, deliberately waited nearly two weeks after learning of YUVIWEL's approval to file its motion, exacerbating the harm to Ascendis. The Court should not reward such gamesmanship.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

No. 4:25-cv-05696-YGR

Plaintiffs' Opp. To Admin. Mot. To Lift Discretioary
Stay and Set Preliminary Injunction Briefing

2

BioMarin's remaining arguments likewise lack merit. BioMarin manufactures a narrative that Ascendis timed its launch to gain a tactical advantage at the ITC. Dkt. No. 59 at 1, 2. Not so. The timing of Ascendis's launch was dictated solely by FDA's approval, not the ITC schedule. Ascendis has long planned to launch its product upon receiving approval, as any pharmaceutical company would. BioMarin knew this from the time it filed the ITC action. It made the strategic decision to file at the ITC anyway, knowingly forfeiting its right to simultaneous relief in district court.

Nor are there any changed circumstances warranting relief. FDA's approval of YUVIWEL and Ascendis's planned launch were fully anticipated when BioMarin sought the stay. As discussed, BioMarin expected, well before the stay was entered, that Ascendis's product would be approved before any ITC decision. Dkt. No. 1-2, at 31 ¶ 49. The Ninth Circuit standard requires circumstances to have changed "significantly" to lift a stay. *See Miller v. Plex, Inc.*, No. 22-cv-05015-SVK, 2024 WL 348820, at *2 (N.D. Cal. Jan. 30, 2024). But here, Ascendis's FDA approval and product launch was foreseeable long ago.

Finally, Ascendis vigorously disputes BioMarin's assertion that "the probability of an upcoming adverse ruling from the ITC is strong." Dkt. No. 59 at 2. BioMarin did not invent YUVIWEL or any patent claim purportedly covering it. Ascendis is the true innovator—it is Ascendis's years of groundbreaking research on its pioneering TransCon linker system that led to the discovery of YUVIWEL, the first and only FDA-approved achondroplasia treatment with once-weekly injections (unlike BioMarin's Voxzogo, which requires daily injections). FDA approved YUVIWEL under its accelerated approval program, a process reserved for drugs that treat serious conditions and fill an unmet medical need. *See* https://www.accessdata.fda.gov/drugsatfda_docs/appletter/2026/219164Orig1s000ltr.pdf, at 2; https://www.fda.gov/drugs/nda-and-bla-approvals/accelerated-approval-program. Rather than compete fairly in the marketplace, BioMarin improperly broadened one of its old patents to try to capture YUVIWEL, a drug that it did not invent. The European Patent Office has already invalidated the European counterpart patent, and Ascendis expects the ITC will do the same.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

No. 4:25-cv-05696-YGR

Plaintiffs' Opp. To Admin. Mot. To Lift Discretionary Stay and Set Preliminary Injunction Briefing

3

### B.    Lifting the Stay Would Contravene § 1659

Alternatively, Ascendis respectfully submits that BioMarin's motion should be denied as contrary to the statutory stay under 28 U.S.C. § 1659. Ascendis maintains that it was appropriate to enter a stay under § 1659, although it understands that the Court disagrees. But as the Court recognized, "Ascendis has met the statutory requirements in the instant action" and "the orderly course of justice favors a stay because the '[t]he purpose of § 1659(a) was to prevent infringement proceedings from occurring in two forums at the same time." Dkt. No. 54 at 3, 4. Forcing Ascendis to litigate in two forums simultaneously would be contrary to § 1659.

## II.    BIOMARIN'S REQUEST TO CROSS-DESIGNATE ITC EXPERT REPORTS

In a footnote, BioMarin asks this Court to order cross-designation of "all expert reports exchanged in the ITC in unredacted form for use in this matter." Dkt. No. 59 at n.2. This request underscores why the stay should remain in place. Section 1659 provides that only "*after* dissolution of a stay under subsection (a), the record of the proceeding before the United States International Trade Commission shall be transmitted to the district court and shall be admissible in the civil action." 28 U.S.C. § 1659(b) (emphasis added). Congress thus contemplated that the ITC record would be transmitted to the district court only after the conclusion of the ITC action, reinforcing that the parallel district court case should be stayed while the ITC investigation is ongoing. Nevertheless, if the Court is inclined to lift the stay, Ascendis does not oppose cross-designating the ITC expert reports so long as they are subject to appropriate confidentiality protections.

## III.    IF THE COURT LIFTS THE STAY, ASCENDIS REQUESTS FOUR WEEKS AND 35 PAGES TO OPPOSE THE PI MOTION

**Time to Respond.** If the Court is inclined to lift the stay and permit BioMarin's PI motion, Ascendis requests a schedule allowing it four weeks from when BioMarin files its motion to respond. BioMarin's proposal, which proposes that Ascendis must respond by late next week, is patently unreasonable. BioMarin has had nearly *eight months* to prepare its motion, having announced in August 2025 its intent to file a preliminary injunction motion if FDA approves YUVIWEL. Dkt. No. 35 at 3. Yet even after FDA approved YUVIWEL on February 27, 2026, BioMarin waited nearly two more weeks before submitting its motion—and even then, it asked that its

No. 4:25-cv-05696-YGR

Plaintiffs' Opp. To Admin. Mot. To Lift Discretioary
Stay and Set Preliminary Injunction Briefing

motion be deemed filed retroactively as of March 11, further compressing Ascendis's response time. BioMarin now expects Ascendis to review, digest, and respond to BioMarin's motion, which consists of thousands of pages across 48 exhibits, including numerous declarations, by next week, while simultaneously preparing for the April ITC trial. That is not reasonable. It is especially unreasonable given that, as discussed above, BioMarin's own CEO and CFO have stated that any patient switching would be complicated and drawn-out, undermining any claimed urgency. Ex. B at 4, 8. Fairness requires that Ascendis receive a reasonable opportunity to respond to a motion that BioMarin spent months preparing. Four weeks is more than fair.

**Page Limit.** Ascendis respectfully requests 35 pages for its opposition. The additional pages are necessary to ensure Ascendis can fully respond to BioMarin's voluminous motion. Even with this accommodation, Ascendis's opposition brief is still less than the 40 total pages (25-page opening plus 15-page reply) BioMarin will have to present its case.

Dated: March 16, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

/s/ *Roger J. Chin*

J.C. Rozendaal (*pro hac vice*)
Michael Joffre (*pro hac vice*)
Deirdre Wells (*pro hac vice*)
Kristina Caggiano Kelly (*pro hac vice*)
Josephine Kim (Cal. Bar No. 295152)
**STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.**
1101 K Street, NW, 10th Floor
Washington, D.C. 20005
(202) 371-2600
jcrozendaal@sternekessler.com
mjoffre@sternekessler.com
dwells@sternekessler.com
kckelly@sternekessler.com
joskim@sternekessler.com

Roger J. Chin (Cal. Bar No. 184662)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111
(415) 391-0600
roger.chin@lw.com

Jamie D. Underwood (*pro hac vice*)
Michael A. David (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
(202) 637-2200
jamie.underwood@lw.com
michael.david@lw.com

*Attorneys for Plaintiffs Ascendis Pharma A/S, Ascendis Pharma Growth Disorders A/S, and Ascendis Pharma, Inc.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

No. 4:25-cv-05696-YGR

Plaintiffs' Opp. To Admin. Mot. To Lift Discretiory Stay and Set Preliminary Injunction Briefing

5