Edward R. Reines (SBN 135960)
ereines@jonesday.com
S. Christian Platt (SBN 199318)
cplatt@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:     (650) 739-3939
Facsimile:     (650) 739-3900

Jason G. Winchester (*pro hac vice* pending)
jgwinchester@jonesday.com
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone:     (312) 782-3939
Facsimile:     (312) 782-8585

Gasper J. LaRosa (*pro hac vice* pending)
gjlarosa@jonesday.com
Sabrina A. Bellantoni (*pro hac vice* pending)
sbellantoni@jonesday.com
Lauren H. Kim (*pro hac vice* pending)
lkim@jonesday.com
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone:     (212) 326-3939
Facsimile:     (212) 755-7306

Attorneys for Defendant
BIOMARIN PHARMACEUTICAL INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| ASCENDIS PHARMA A/S, ASCENDIS PHARMA GROWTH DISORDERS A/S, AND ASCENDIS PHARMA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>BIOMARIN PHARMACEUTICAL INC.,<br><br>Defendant. | Case No. 4:25-cv-05696-YGR<br><br>**BIOMARIN'S ADMINISTRATIVE MOTION TO LIFT DISCRETIONARY STAY AND SET PRELIMINARY INJUNCTION BRIEFING SCHEDULE**<br><br>Judge:     Hon. Yvonne Gonzalez Rogers |

**I.      The Court Should Lift The Discretionary Stay For The Limited Purpose Of Adjudicating A Narrow Preliminary Injunction Motion**

Pursuant to Civil Local Rule 7-11, and this Court's inherent authority to manage its docket so it may exercise its equitable powers, BioMarin respectfully moves the Court to lift the discretionary stay in this action (Dkt. Nos. 54, 56) to consider BioMarin's limited motion for injunctive relief.[1] *See Dolby Lab'ys, Inc. v. Intertrust Techs. Corp.*, No. 19-cv-03371, 2021 WL 5322695, at *2 n.1 (N.D. Cal. Nov. 16, 2021) (rejecting an objection to use of an administrative motion under Civil Local Rule 7-11 for a motion to lift a stay).

There is good cause and, indeed, compelling purpose for this motion.  On February 27, 2026, Ascendis announced it would launch its infringing Yuviwel® drug early in the second quarter, even though in *weeks* (April 20, 2026) the trial will take place in the parallel International Trade Commission ("ITC") investigation to determine whether Yuviwel® should be excluded from importation because it infringes BioMarin's U.S. Reissue Patent No. RE48,267 ("RE'267").  Ex. 1, Yuviwel® FDA Approval Press Release at 1; Ex. 2, Order No. 25: Amending Procedural Schedule at 4.  The Administrative Law Judge's (ALJ) decision is due on or before August 21, yet Ascendis has refused to await that decision before launching.  Ex. 2, Order No. 25: Amending Procedural Schedule at 5.

It makes no sense to permit Ascendis's launch on the eve of trial—and the ITC has no way to stop it directly until after the trial is complete.  *See* 19 C.F.R. § 210.42, 210.43.  Ascendis's brinksmanship appears to be a cynical attempt to create "facts on the ground" in the form of patients switched from BioMarin's patented drug Voxzogo®—the revolutionary and first ever FDA-approved treatment for achondroplasia (the most common type of dwarfism)—to Yuviwel® before the ITC rules.  Apparently, Ascendis believes that, once it has converted patients and their doctors to Yuviwel®, that will somehow help it better fight off legal exclusion from the market for its infringing

---

[1] Attached to this motion are BioMarin's Proposed Answer to Complaint and Counterclaim for Patent Infringement, BioMarin's Proposed Notice of Motion and Motion for Preliminary Injunction and Memorandum of Points and Authorities In Support Thereof, and [Proposed] Order Granting BioMarin's Motion for Preliminary Injunction.  BioMarin will file these papers promptly if and when the Court lifts the stay.  The purpose of submitting these documents now is to allow the Court the opportunity to review the motion it would be permitting.

product based on appeals to patient health and disruption of care inherent in switching therapies.

Ascendis's rush to launch now, ahead of the ITC's ruling, is designed to force BioMarin into an impossible dilemma. If BioMarin wins at the ITC, as it should, then it would have to either (1) insist on its patent rights and seek an exclusion order that would take Yuviwel® away from those patients who were switched over by Ascendis ahead of the ruling; or (2) allow those "switched" patients to continue receiving Yuviwel® despite the ITC's finding, thus rewarding Ascendis for its infringing acts. Either way, BioMarin loses. And patients, caregivers, and healthcare practitioners lose as well, as Ascendis's tactical and unnecessary launch can only result in confusion about whether Yuviwel® will be available, to whom, and for how long. The market confusion for the achondroplasia community of a new drug coming on and off the market in a matter of months, and being available to perhaps some patients but not others, would be terrible. Instead of patients and doctors focusing on health, they would have to monitor legal developments to try to figure out which way to go. Exacerbating this harm, if Yuviwel® is launched Ascendis will likely vilify Voxzogo® loudly—which would discourage adoption of BioMarin's therapy even though that is likely to become the only drug available after the ITC rules on Yuviwel®'s infringement. Ascendis's infringement is clear here, so the probability of an upcoming adverse ruling from the ITC is strong—highlighting the value of maintaining the status quo until the ruling due by August 21. BioMarin's RE'267 patent covers Yuviwel®, with little in the way of non-infringement argument. Moreover, the RE'267 patent went through years of contested reissue proceedings that ultimately upheld the patent, even in the face of a protest from Ascendis under 37 C.F.R. § 1.291. In its protest, Ascendis was free to raise any invalidity objection that it believed was colorable. *See* MPEP § 1901.02 (9th ed. Rev. 01.2024, Jan. 2024) (protest can include "[a]ny information which, in the protestor's opinion, would make the grant of a patent improper"). The Patent Office considered Ascendis's protest and allowed the patent to reissue anyway, further underscoring the patent's validity.

Ascendis has steadfastly refused to allow the ITC to render its initial determination before launching its product, giving BioMarin no choice but to approach the Court for relief. Ex. 1, Yuviwel® FDA Approval Press Release at 1. BioMarin approached Ascendis to attempt to work out an agreed schedule for the orderly conduct of preliminary injunction proceedings, but Ascendis

would not even discuss that. Ex. 3, R. Chin Email at 1. Thus, BioMarin seeks the entry of a schedule in which its already served preliminary injunction motion is deemed filed March 11, Ascendis's response is due March 27, and BioMarin's reply is submitted April 6, with a hearing at this Court's convenience and before Ascendis actually launches.[2]

## II. The Court Has The Authority To Lift The Stay Due To Compelling Changes In Circumstance Caused By Ascendis's Brinksmanship

"The same court that imposes a [discretionary] stay of litigation has the inherent power and discretion to lift the stay." *Delux Pub. Charter, LLC v. Cnty. of Orange, Cal.*, No. SACV 20-2344, 2023 WL 3409119, at *1 (C.D. Cal. Mar. 15, 2023) (citation omitted). Courts in the Ninth Circuit "have recognized that the court may abandon its imposed stay of litigation if the circumstances that persuaded the court to impose the stay in the first place have changed significantly." *Tribe v. U.S. Bureau of Reclamation*, No. 19-CV-04405, 2021 WL 4482117, at *3 (N.D. Cal. Sept. 30, 2021) (citation omitted) (internal quotation marks omitted); *see j2 Glob., Inc. v. Integrated Glob. Concepts, Inc.*, No. CV 12-03439, 2013 WL 3272922, at *1 (C.D. Cal. June 27, 2013) ("When the circumstances have changed such that the reasons for imposing the stay are nonexistent or inappropriate, a court has the inherent power and discretion to lift the stay.").

Ascendis has intentionally changed the circumstances by threatening to launch Yuviwel® before the ALJ even has the opportunity to adjudicate the ITC investigation and issue his ruling by August 21. Ex. 1, Yuviwel® FDA Approval Press Release at 1 (stating that Yuviwel® will be "available through prescribing physicians in the United States during the early part of the second quarter of 2026."); Ex. 4, Ascendis News Conference Regarding Yuviwel® Approval at 12 (Ascendis's CEO stating the ITC case should not have occurred and that "[w]e will be in the market. There is no doubt of that."). When the stay was entered, Yuviwel® was not even approved. And Ascendis had not announced any launch—much less was it trying to beat the ALJ's decision. Accordingly, when the Court entered the stay, no party disputed that the *Landis* factors were met.

---

[2] BioMarin also asks, as part of the briefing of the preliminary injunction motion, for the Court to order that, on or before March 16, Ascendis either produce, or give its consent for BioMarin's ITC counsel to produce, all expert reports exchanged in the ITC in unredacted form for use in this matter.

*See* Dkt. No. 54 at 4; *see also Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).  BioMarin noted that there were scenarios where equity might warrant the lifting of the stay.  Dkt. No. 35 at 2–3; *see also Macias v. Hunt & Henriques, LLP*, No. 8:24-CV-01496, 2024 WL 5185400, at *2 (C.D. Cal. Dec. 19, 2024) ("The court must review a stay order in relation to the present day realities in light of the existing situation." (internal quotes omitted) (citation omitted)).

A lift of the stay simply to consider a time-limited preliminary injunction until August is warranted in view of these radically changed circumstances.  *First*, if the stay remains in place and Ascendis launches, the ITC will have no opportunity to rule on the legality of importing that drug product before it happens, and the achondroplasia community and BioMarin would be irreparably harmed.  *Second*, moving forward with this motion for limited injunctive relief will not impose undue hardship on Ascendis, a large company represented by large law firms.  To the contrary, any inconvenience to Ascendis is of its own making due to its precipitous launch plans.  *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (noting an earlier decision granting a discretionary stay was made in part because the plaintiff sought only damages and it "alleged no continuing harm and sought no injunctive or declaratory relief." (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268–69 (9th Cir. 1962))).

## III.    Ascendis's Premature Appeal From This Court's Stay Order Does Not Deprive This Court Of Jurisdiction

Ascendis's defective notice of appeal to the Federal Circuit of the Court's September 19, 2025, interlocutory stay order (Dkt. No. 56) does not deprive this Court of jurisdiction.  The Federal and Ninth Circuits both recognize that "[w]here the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, *or reference to a non-appealable order*, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Gilda Indus., Inc. v. United States*, 511 F.3d 1348, 1350 (Fed. Cir. 2008) (quoting *Ruby v. Sec'y of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (en banc)) (emphasis added).  Ascendis's challenge to this Court's non-final interlocutory stay order is defective and lacks merit.  Non-final stay rulings are not final judgments and are generally not appealable.

*First*, Ascendis altogether failed to demonstrate injury-in-fact when it filed its appeal notice

in September from this Court's stay ruling that denied Ascendis's § 1659 motion as moot. Ascendis was required to show an injury-in-fact not conjectural injury. *See, e.g.*, *Phigenix, Inc. v. Immunogen, Inc.*, 845 F.3d 1168, 1171 (Fed. Cir. 2017) ("a conjectural or hypothetical injury will not suffice.") (cleaned up). This Court's stay decision would only cause the alleged injury to Ascendis if a series of conjectural events occurred including an FDA approval before the ALJ ruled, Ascendis's attempt to launch before that trial, and then a request to vacate the stay. Importantly, this was conjectural when the appeal notice was filed in September depriving the Federal Circuit of jurisdiction.

***Second***, Ascendis has tried to justify its premature interlocutory appeal by invoking the limited "collateral order" doctrine, but such review is unavailable for denial of a § 1659 stay as moot. *See Mod. Font Applications LLC v. Alaska Airlines, Inc.*, 56 F.4th 981, 984 (Fed. Cir. 2022) (permitting interlocutory appeals of a "small class" of decisions that "(1) are 'conclusive;' (2) 'resolve important questions separate from the merits;' and (3) are 'effectively unreviewable on appeal from the final judgment in the underlying action,'" none of which applies here (citation omitted)).

***Third***, even if the appeal were to be construed as a petition for mandamus, that would not divest this Court of jurisdiction. *See, e.g., California by & through Harrison v. Express Scripts, Inc.*, 139 F.4th 763, 768 (9th Cir. 2025) (rejecting the application of the jurisdictional divestiture rule to appeals from remand orders noting that "[w]hile *Coinbase* represents a carveout to the normal discretionary stay powers in the arbitration context, the opinion does not overrule *Nken* nor render its precepts inoperable in other contexts.").

In short, Ascendis's facially defective interlocutory appeal notice presents no barrier to this Court's ability to lift the stay and proceed with limited injunctive proceedings. Just as the Court correctly found that Ascendis should not be allowed to circumvent the 30-day timeline of § 1659 by dropping and then re-filing a lawsuit to "restart" the clock (Dkt. No. 54 at 3–4), the Court should not allow Ascendis to achieve the same goal by filing a defective appeal and then using that to try to block the Court's ability to move forward with this case.

For all of these reasons, BioMarin respectfully asks this Court to enter an Order lifting the stay of this matter and to set a briefing schedule, so that BioMarin may proceed with its motion for emergency injunctive relief.

Dated: March 11, 2026

Respectfully submitted,

*/s/ Edward R. Reines*

Edward R. Reines (SBN 135960)
ereines@jonesday.com
S. Christian Platt (SBN 199318)
cplatt@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:   (650) 739-3939
Facsimile:    (650) 739-3900

Jason G. Winchester
(*pro hac vice* pending)
jgwinchester@jonesday.com
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone:   (312) 782-3939
Facsimile:    (312) 782-8585

Gasper J. LaRosa
(*pro hac vice* pending)
gjlarosa@jonesday.com
Sabrina A. Bellantoni
(*pro hac vice* pending)
sbellantoni@jonesday.com
Lauren H. Kim
(*pro hac vice* pending)
lkim@jonesday.com
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone:   (212) 326-3939
Facsimile:    (212) 755-7306

Attorneys for Defendant
BIOMARIN PHARMACEUTICAL INC.