Edward R. Reines (SBN 135960)
ereines@jonesday.com
S. Christian Platt (SBN 199318)
cplatt@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:     (650) 739-3939
Facsimile:     (650) 739-3900

Jason G. Winchester (*pro hac vice* pending)
jgwinchester@jonesday.com
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone:     (312) 782-3939
Facsimile:     (312) 782-8585

Gasper J. LaRosa (*pro hac vice* pending)
gjlarosa@jonesday.com
Sabrina A. Bellantoni (*pro hac vice* pending)
sbellantoni@jonesday.com
Lauren H. Kim (*pro hac vice* pending)
lkim@jonesday.com
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone:     (212) 326-3939
Facsimile:     (212) 755-7306

Attorneys for Defendant and Counterclaim-Plaintiff
BIOMARIN PHARMACEUTICAL INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| ASCENDIS PHARMA A/S, ASCENDIS PHARMA GROWTH DISORDERS A/S, AND ASCENDIS PHARMA, INC., <br><br> Plaintiffs and Counterclaim-Defendants, <br><br> v. <br><br> BIOMARIN PHARMACEUTICAL INC., <br><br> Defendant and Counterclaim-Plaintiff. | Case No. 4:25-cv-05696-YGR <br><br> **BIOMARIN'S PROPOSED ANSWER TO COMPLAINT AND COUNTERCLAIM FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Judge:   Hon. Yvonne Gonzalez Rogers |

Defendant and Counterclaim-Plaintiff BioMarin Pharmaceutical Inc. ("BioMarin") files this Answer to the Complaint (Dkt. No. 1) filed by Plaintiffs and Counterclaim-Defendants Ascendis Pharma A/S, Ascendis Pharma Growth Disorders A/S, and Ascendis Pharma, Inc.'s ("Ascendis"), and asserts its Counterclaim for Patent Infringement against Ascendis as follows:

## NATURE OF THE CASE

1. BioMarin admits Ascendis filed this action seeking a declaratory judgment for noninfringement of U.S. Reissue Patent No. 48,267 ("RE'267"), but denies that Ascendis's claims have any merit. BioMarin denies the remaining allegations of Paragraph 1.

2. BioMarin admits that BioMarin has filed a complaint against Ascendis at the U.S. International Trade Commission ("ITC") alleging that Ascendis infringes the RE'267 patent, and further that the ITC has initiated an investigation to address those allegations. BioMarin states that the second sentence of Paragraph 2 is a legal conclusion to which no response is required, but BioMarin does not dispute that there is a justiciable case or controversy regarding whether Ascendis's accused product infringes the RE'267 patent. BioMarin denies the remaining allegations of Paragraph 2.

3. BioMarin is without sufficient information to form a belief of the truth or falsity of the allegations of Paragraph 3 relating to Ascendis's position on the merits of the infringement claim, and it therefore denies those allegations. BioMarin admits that Ascendis is under a reasonable apprehension of suit in district court as of February 27, 2026, when the U.S. Food & Drug Administration ("FDA") approved Ascendis's New Drug Application ("NDA") to market Yuviwel® (navepegritide) for the treatment of children with achondroplasia in the United States, and when Ascendis publicly announced its intention to launch that product in the United States early in the second quarter of 2026. BioMarin denies the remaining allegations of Paragraph 3.

## PARTIES

4. On information and belief, admitted.

5. On information and belief, admitted.

6. On information and belief, admitted.

7. BioMarin admits on information and belief that Ascendis Pharma A/S has publicly

identified Denmark as its principal headquarters. BioMarin is without sufficient information to form a belief of the truth or falsity of the remaining allegations of Paragraph 7, and it therefore denies them.

8.      BioMarin admits it is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 770 Lindaro Street, San Rafael, California 94901. BioMarin admits BioMarin can be served with process through its registered agent for service, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

9.      BioMarin admits it is the owner of the RE'267 patent. BioMarin denies the remaining allegations of Paragraph 9.

**JURISDICTION AND VENUE**

10.      BioMarin states that the allegations in Paragraph 10 are legal conclusions to which no response is required, and they are denied on that basis. BioMarin does not dispute that this Court has subject matter jurisdiction to consider the claims and counterclaims in this action.

11.      BioMarin admits that it is properly registered to do business in the State of California, and further that it maintains a principal place of business at 770 Lindaro Street, San Rafael, California 94901. The remaining allegations of Paragraph 11 are legal conclusions to which no response is required, and they are denied on that basis. BioMarin does not contest personal jurisdiction for purposes of the claims and counterclaims in this action.

12.      BioMarin admits that it maintains a principal place of business is at 770 Lindaro Street, San Rafael, California 94901, which is BioMarin's global headquarters. The remaining allegations of Paragraph 12 are legal conclusions, and they are denied on that basis. BioMarin does not contest that venue over the claims and counterclaims in this action is proper in this District.

13.      BioMarin admits its ITC complaint (337-TA-1447) filed before the Commission on April 1, 2025, asserts that Ascendis infringes, directly and/or indirectly, the RE'267 patent. The remaining allegations of Paragraph 13 are legal conclusions to which no response is required, and they are denied on that basis. BioMarin admits that an actual and justiciable controversy exists between Ascendis and BioMarin as to whether Ascendis's Yuviwel® infringes the RE'267

patent and that such controversy is immediate and substantial as of February 27, 2026, when the FDA approved Ascendis to market Yuviwel® in the United States and when Ascendis publicly announced its intention to launch that product in the United States early in the second quarter of 2026.  Further answering, BioMarin does not dispute that this Court has subject matter jurisdiction to consider the claims and counterclaims in this action.

## DIVISIONAL ASSIGNMENT

14.    Admitted.

## EXISTENCE OF AN ACTUAL CONTROVERSY

15.    BioMarin restates its answer to Paragraph 13 as and for its answer to Paragraph 15.

16.    BioMarin admits on information and belief that Ascendis submitted an NDA to the FDA seeking approval to market Yuviwel® (navepegritide) for the treatment of children over the age of two (2) with achondroplasia in the United States.  BioMarin admits on information and belief that Ascendis's NDA was approved on February 27, 2026.  BioMarin admits that Ascendis has publicly described Yuviwel® as containing CNP as its active ingredient, and has stated that the drug is intended for once weekly administration.  BioMarin is without sufficient information to form a belief of the truth or falsity of the remaining allegations of Paragraph 16, and it therefore denies them.

17.    Admitted.

18.    Admitted.

19.    BioMarin admits on information and belief that Ascendis announced that the FDA had set a Prescription Drug User Fee Act ("PDUFA") goal date of November 30, 2025, to complete its review.  BioMarin admits on information and belief that the FDA then extended the PDUFA target date action to February 28, 2026.  BioMarin admits on information and belief that the FDA has approved Ascendis's NDA for Yuviwel® (navepegritide) on February 27, 2026.  BioMarin is without sufficient information to form a belief of the truth or falsity of the remaining allegations of Paragraph 19, and it therefore denies them.

20.    Denied.

21.    BioMarin is without sufficient information to form a belief of the truth or falsity of the allegations of Paragraph 21, and it therefore denies them.

22.    BioMarin is without sufficient information to form a belief of the truth or falsity of the allegations of Paragraph 22, and it therefore denies them.

23.    BioMarin is without sufficient information to form a belief of the truth or falsity of the allegations of Paragraph 23, and it therefore denies them.

24.    BioMarin is without sufficient information to form a belief of the truth or falsity of the allegations of Paragraph 24, and it therefore denies them.

25.    BioMarin admits that, on April 1, 2025, it filed a complaint in the ITC against Ascendis under Section 337 of the Tariff Act of 1930, as amended, requesting a remedy for Ascendis's "unlawful and unfair importation into the United States, and sale for importation into the United States, of certain drug products containing C-type natriuretic peptide ('CNP') variants, and components thereof . . . that infringe, literally or under the doctrine of equivalents," independent claims 15 and 18 as well as dependent claims 16–17, 19–20, and 31–48 of the RE'267 patent.  BioMarin admits part of the relief requested in its ITC complaint is a permanent limited exclusion order and cease and desist orders against Ascendis.  BioMarin admits that, after evaluating BioMarin's complaint, the ITC instituted Section 337 proceedings to investigate whether there has been a violation of Section 337 in that Yuviwel® infringes one or more of the asserted claims; that the ITC proceeding is set for a merits hearing from April 20–24, 2026; that an Initial Determination from Chief Administrative Law Judge Clark S. Cheney is to be delivered by August 21, 2026; and that a decision of the full Commission is targeted for December 21, 2026.  BioMarin denies the remaining allegations of Paragraph 25.

26.    Denied.

27.    Denied.

28.    The allegations of Paragraph 28 are legal conclusions to which no response is required, and they are denied on that basis.  BioMarin does not dispute that this Court has subject matter jurisdiction to consider the claims and counterclaims in this action.

## COUNT 1

### (Declaratory Judgment of Non-Infringement)

29.   Admitted in part and denied in part consistent with BioMarin's responses to Paragraphs 1 through 28 above as if fully set forth herein.

30.   BioMarin admits its ITC complaint (337-TA-1447) alleges that Ascendis infringes, directly or indirectly, one or more claims of the RE'267 patent through Ascendis's importation and/or contract for importation of its Yuviwel® product.  BioMarin denies the remaining allegations of Paragraph 30.

31.   Denied.

32.   Denied.

### PRAYER FOR RELIEF

This section contains no factual allegations and requires no response.  To the extent a response is deemed to be required, BioMarin denies that Ascendis is entitled to the requested relief, or any relief at all.

**COUNTERCLAIM FOR PATENT INFRINGEMENT**

Counterclaim-Plaintiff BioMarin, by and through its undersigned counsel, brings this counterclaim for patent infringement against Ascendis and alleges as follows:

**NATURE OF THE ACTION**

1.     This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code § 100 et seq., including 35 U.S.C. § 271, for infringement of United States Reissue Patent No. 48,267 ("RE'267 patent" or "the patent-in-suit") directed to the treatment of the rare disease achondroplasia—a genetic condition that causes severely short stature (a form of dwarfism) and disproportionate growth.

2.     BioMarin is an innovative biopharmaceutical company that has developed and manufactures the drug Voxzogo®, the first drug to receive FDA approval for treatment of achondroplasia in the United States.  BioMarin seeks judgment that Ascendis has imminently will infringe, has infringed, and/or continues to infringe, the RE'267 patent arising out of Ascendis's commercial manufacture, use, offer for sale, sale, distribution, and/or importation of Yuviwel® in the United States prior to the expiration of the RE'267 patent.

**THE PARTIES**

3.     BioMarin is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 770 Lindaro Street, San Rafael, California 94901.

4.     Upon information and belief, Ascendis Pharma A/S is a corporation organized and existing under the laws of the Kingdom of Denmark with its headquarters at Tuborg Boulevard 12, DK-2900 Hellerup, Denmark.

5.     Upon information and belief, Ascendis Pharma, Inc., is a corporation organized and existing under the laws of Delaware with a place of business at 1000 Page Mill Road, Palo Alto, CA 94304.  Ascendis Pharma, Inc., is a wholly owned subsidiary of Ascendis Pharma A/S.

6.     Upon information and belief, Ascendis Growth Disorders A/S is a corporation organized and existing under the laws of the Kingdom of Denmark.  Ascendis Growth Disorders A/S is a wholly owned subsidiary of Ascendis Pharma A/S.

7.      Upon information and belief, Ascendis Pharma A/S, directly or through subsidiaries, including Ascendis Pharma, Inc., and/or Ascendis Growth Disorders A/S, is in the business of, among other things, manufacturing, marketing, distributing, and selling pharmaceutical products, which it distributes throughout the United States.

8.      Upon information and belief, Ascendis Pharma A/S is the holder of New Drug Application ("NDA") No. 219164 for Ascendis's Yuviwel® (navepegritide) product, which was submitted to the FDA on March 31, 2025. Ex. 5, Yuviwel® NDA Press Release at 1; Ex. 6, Yuviwel® Label.

9.      On February 27, 2026, the FDA approved Yuviwel® to increase linear growth in pediatric patients aged two years and older with achondroplasia with open epiphyses.  Ex. 1, Yuviwel® FDA Approval Press Release at 1.  Aimee Shu, M.D., Executive Vice President of Endocrine & Rare Disease Medical Sciences and Chief Medical Officer at Ascendis Pharma, has stated that Ascendis intends on "mak[ing] TransCon CNP [Yuviwel®] available as quickly as possible." Ex. 7, Aimee Shu, M.D. Statement at 2.  Ascendis has stated Yuviwel® will be "available through prescribing physicians in the United States during the early part of the second quarter of 2026."  Ex. 1, Yuviwel® FDA Approval Press Release at 1.

### JURISDICTION AND VENUE

10.     This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 et seq., including 35 U.S.C. § 271, for infringement of the RE'267 patent.

11.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.     This Court has personal jurisdiction and venue over Ascendis at least because Ascendis has filed its declaratory judgment action in this Court, thereby consenting to personal jurisdiction and venue in this Court.

13.     This Court may properly exercise personal jurisdiction over Ascendis because, as set forth more fully below, Ascendis Pharma, Inc., is domiciled in California.  Further, Ascendis regularly and purposefully directs its business activities toward consumers in California, derives a

commercial benefit from its contacts with the State of California, and is causing harm to BioMarin's business within the State of California. Additionally, Ascendis Pharma A/S, Ascendis Pharma, Inc., and Ascendis Growth Disorders A/S took action resulting in the filing of the complaint in this action. Dkt. No. 1.

14. Venue is proper in this judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

15. For the foreign entities, Ascendis Pharma A/S and Ascendis Growth Disorders A/S, venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391 (c), and 1400(b). As foreign Defendants, Ascendis Pharma A/S and Ascendis Growth Disorders A/S may be sued in any judicial district, including in this District.

16. For Ascendis Pharma, Inc., venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) at least because Ascendis Pharma, Inc., is subject to personal jurisdiction in this District, resides in this District, does business in this District, and maintains its principal place of business in this District. Specifically, Ascendis Pharma, Inc., maintains its principal place of business at 1000 Page Mill Road, Palo Alto, CA 94304.

## BACKGROUND

### BIOMARIN'S VOXZOGO® IS THE FIRST FDA-APPROVED TREATMENT FOR ACHONDROPLASIA

17. BioMarin is unique in the pharmaceutical industry in that its focus is on researching and developing novel therapies to treat rare diseases that impact small populations of patients globally. BioMarin's products are often the first ever approved to treat these patients, as is the case with Voxzogo® (vosoritide), which launched in 2021 as the first ever FDA-approved drug therapy for achondroplasia.

18. Achondroplasia is a rare genetic condition and the most common form of skeletal dysplasia, accounting for more than 90% of cases of disproportionate short stature, or dwarfism. The condition is characterized by a large head size and short limbs. Approximately 1 in 25,000 children are born with achondroplasia. There are approximately 50,000 people with achondroplasia in the United States, and 250,000 worldwide.

19.    Achondroplasia is caused by mutations in the fibroblast growth factor receptor 3 ("FGFR3") gene.  When activated, FGFR3 signals the body to slow bone growth.  Normally, a peptide known as C-type natriuretic peptide ("CNP") modulates the activity of FGFR3 through inhibition of the FGFR3 signaling pathway.

20.    In achondroplasia, the mutated FGFR3 causes excessive signaling to disrupt this balance.  The result is the slowed bone growth that causes disproportionate short stature and other complications that may lead to health challenges.

21.    Before Voxzogo® was approved by the FDA, treatment options for increasing height in patients with achondroplasia was limited to surgical lengthening or, in certain countries, the administration of growth hormone.  Unfortunately, these treatments have their own associated risks and limitations.  Surgical lengthening is an invasive procedure that can lead to complications.  Growth hormone has been found to have a limited impact on height when administered to achondroplasia patients.  Consequently, there was a need for a treatment that targeted the underlying cause of short stature in patients with achondroplasia.

22.    Overexpression of CNP was shown to counter the effects of FGFR3 mutations and rescue animals from dwarfism by stimulating bone growth.  CNP binds to the natriuretic peptide receptor-B ("NPR-B") on the surface of bone growth plate cells (chondrocytes), which directly stimulates the production of intracellular cyclic guanosine monophosphate ("cGMP").  The increased cGMP levels then act as a crucial intracellular messenger, which leads to the inhibition of aberrant FGFR3 signaling and promotes bone growth.  Native CNP, however, is quickly degraded, i.e., has a short half-life.  The result is that continuous systemic infusions have been necessary in human studies to maintain a CNP concentration above intrinsic levels.  This limits the therapeutic utility of native CNP as a treatment for achondroplasia.

23.    A BioMarin research team developed CNP variants designed to stimulate cGMP production in cells expressing NPR-B, resulting in bone growth, that are resistant to degradation.  This breakthrough in achondroplasia treatment is the invention disclosed and claimed in the RE'267 patent.  BioMarin's Voxzogo® product embodies this innovative research.  Voxzogo® is a CNP variant that activates the CNP pathway to counteract the over-active FGFR3 signaling,

allowing for more normalized bone growth.  Unlike native CNP, Voxzogo® is a useful therapeutic since it is not as rapidly degraded.

24.    On November 19, 2021, Voxzogo® was approved by the FDA to improve growth in children with achondroplasia.  Voxzogo®'s approval fulfilled an unmet medical need for many children in the United States and underscores BioMarin's focus on providing life-changing treatments to patients with rare genetic diseases.

25.    BioMarin has extensively invested and continues to invest in activities in the United States relating to Voxzogo®.  BioMarin spent years and hundreds of millions of dollars researching and developing Voxzogo®.

**PATENT-IN-SUIT**

26.    The RE'267 patent, titled "Variants of C-type Natriuretic Peptide," was duly and lawfully issued on October 20, 2020.  *See* Dkt. No. 1-1 (a copy of the RE'267 patent).

27.    The RE'267 patent claims compositions comprising CNP variants, methods of making said CNP variants, and methods of using said CNP variants to treat bone-related disorders, including achondroplasia.

28.    The RE'267 patent is a continuation of Reissue Patent Application No. 14/604,262, issued on February 13, 2018, now U.S. Reissue Patent No. 46,707, which is an application for reissue of U.S. Patent No. 8,598,121, issued on December 3, 2013, which is a continuation of U.S. Patent Application No. 12/784,117, now U.S. Patent No. 8,198,242, issued June 12, 2012, which claims priority to U.S. Provisional Application No. 61/254,563, filed on October 23, 2009, and U.S. Provisional Application No. 61/180,112, filed on May 20, 2009.  U.S. Patent Application No. 12/784,117 was first published on November 25, 2010, as Patent Application Publication US 2010/0297021.

29.    The inventors of the RE'267 patent are Daniel J. Wendt, Shinong Long, Sianna Castillo, Christopher P. Price, Mika Aoyagi-Scharber, Michel Claude Vellard, Augustus O. Okhamafe, Sean Bell, and Joshua R. Bliesath.  BioMarin is the sole owner by assignment of the RE'267 patent and BioMarin has never licensed this patent to any third party.

30.    Pursuant to 35 U.S.C. § 282, the RE'267 patent is presumed valid.

**YUVIWEL® PRODUCT**

31.    Ascendis is engaged in the development and commercialization of a treatment for achondroplasia, commercially known as Yuviwel®, developed as TransCon® CNP. *See* Ex. 8, Ascendis 2024 20-F at 89 (admitting that "TransCon CNP (navepegritide) is an investigational prodrug of CNP administered once weekly and designed to provide sustained release of active CNP supporting continuous exposure for the treatment of achondroplasia."); Ex. 9, 2019 Breinholt Article at 459 (an article authored by Ascendis scientists stating that Yuviwel® is "a prodrug that slowly releases active CNP"); Ex. 10, 2022 Hersel Declaration ¶6 (where the Project Director and Senior Principal Scientist at Ascendis discusses Yuviwel® including the linker to CNP-38); Ex. 11, 2023 Savarirayan Article at 3 (a scientific article discussing Yuviwel® in children with achondroplasia); Ex. 12, September 11, 2017, Poster (a poster presentation by Ascendis scientists that presented on Yuviwel®, where it demonstrated that "[i]n its prodrug form, CNP is transiently bound to an inert TransCon carrier via the TransCon linker.  Through autohydrolysis, fully active CNP is released, providing sustained exposure."); Ex. 13, September 8, 2017, Poster (poster presentation by Ascendis scientists that presented on Yuviwel®, discussing how CNP is bound to TransCon carrier via the TransCon linker); Ex. 14, September 10, 2017, Poster (poster presentation by Ascendis scientists that presented on Yuviwel®, discussing how CNP is bound to TransCon carrier via the TransCon linker); Ex. 15, 2022 Breinholt Article at 4763 (an article by Ascendis scientists discussing that "TransCon CNP is a novel prodrug designed to provide sustained release of C-type natriuretic peptide (CNP) for once-weekly therapy, addressing the pathology leading to aberrant skeletal development in achondroplasia."); Ex. 16, October 2017, Poster (a poster presentation by Ascendis scientists that presented on Yuviwel®, discussing how "TransCon CNP is a prodrug in which CNP is transiently bound to a TransCon carrier via a proprietary linker."); Ex. 17, 2024 Hersel Declaration ¶11 (where the Project Director and Senior Principal Scientist at Ascendis discusses Yuviwel® as a sustained release CNP variant formulation); Ex. 18, 2025 Hersel Affidavit ¶4 (where the Project Director and Senior Principal Scientist at Ascendis discusses the mechanism of the Yuviwel® linker cleavage); s*ee also* Ex. 19, Aylin Article at scheme 1 p. 2290 (discussing potential mechanisms of

Yuviwel® cleavage); Ex. 20, the '847 patent at Fig. 1, 4:3-15 (same); Ex. 21, Patel Article at p. 791, scheme 1 (same).  All exhibits filed as part of the Declaration of Edward R. Reines in Support of BioMarin's Administrative Motion to Lift Discretionary Stay and Set Preliminary Injunction Briefing Schedule, Proposed Answer to Complaint and Counterclaim for Patent Infringement, Proposed Notice of Motion and Motion for Preliminary Injunction and Memorandum of Points and Authorities of Support Thereof and cited in this Counterclaim are incorporated by reference as if fully set forth in the Counterclaim.

32.     Ascendis Pharma A/S submitted an NDA for Yuviwel® with the FDA on March 31, 2025, which the FDA approved on February 27, 2026.  Ex. 5, Yuviwel® NDA Press Release at 1; Ex. 1, Yuviwel® FDA Approval Press Release at 1.

33.     Ascendis's launch is imminent.  Ex. 1, Yuviwel® FDA Approval Press Release at 1 (stating that Yuviwel® will be "available through prescribing physicians in the United States during the early part of the second quarter of 2026.").

34.     Based on information and belief, Ascendis was aware of the claimed subject matter in the RE'267 patent at least by November 25, 2010, when U.S. Patent Application No. 12/784,117 was published.

35.     Alternatively, Ascendis was aware of claimed subject matter in the RE'267 patent at least by December 7, 2017, when Ascendis Pharma A/S submitted an unsuccessful protest against Reissue Patent Application No. 15/646,822 under 37 C.F.R. § 1.291.

36.     Finally, Ascendis was aware of its infringement of the RE'267 patent at least by April 1, 2025, when it learned BioMarin had filed its ITC complaint relating to Yuviwel®.

37.     Based on information and belief, Ascendis was aware prior to submitting the NDA for Yuviwel® that its product and proposed indication infringed one or more claims of the RE'267 patent.

### COUNT ONE: INFRINGEMENT OF THE RE'267 PATENT

38.     BioMarin repeats and realleges the allegations set forth in paragraphs 1 through 37 as though fully set forth herein.

39.     Ascendis has infringed, and continues to infringe, claims 32, 34, 41, 43, 50, and 55

of the RE'267 patent, either literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale within the United States and/or importing into the United States products. These products include, but are not limited to, CNP variants and drug products containing CNP variants, commercially known as Yuviwel®, which is also known as navepegritide. Exemplary infringement claim charts are attached as Ex. 22.

40. Ascendis's commercial manufacture, use, importation, marketing, sale, and/or offer for sale of the Yuviwel® products in or into the United States directly infringes, contributes to the infringement of, and/or actively induces the infringement by others of one or more claims of the RE'267 patent under 35 U.S.C. § 271(a)–(c).

41. On information and belief, Ascendis infringes at least claims 32, 34, 41, 43, 50, and 55 of the RE'267 patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing within the United States, without authority, compositions comprising CNP variants and drug products containing CNP variants, including, but not limited to, Yuviwel®.

42. On information and belief, Ascendis infringes at least claims 50 and 55 of the RE'267 patent pursuant to 35 U.S.C. § 271(b) by actively inducing infringement of the RE'267 patent.

43. On information and belief, Ascendis infringes the RE'267 patent pursuant to 35 U.S.C. § 271(c) by contributing to potential infringement of the RE'267 patent, literally and/or under the doctrine of equivalents, by, among other things, offering to sell and/or importing within this judicial district and elsewhere in the United States, without license and authority, compositions comprising CNP variants and drug products containing CNP variants, including, but not limited to, Yuviwel®, with knowledge of the RE'267 patent and knowing that such products and/or components are especially made or especially adapted for use in the infringement of the RE'267 patent, are a material part of the invention, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

44. On information and belief, Ascendis, through its own actions or through the actions of its agents, affiliates, and subsidiaries, markets and/or distributes Yuviwel® products to re-sellers, pharmacies, hospitals, clinics, healthcare professionals, and other end users.

45. On information and belief, Ascendis knowingly and intentionally accompanies the Yuviwel® products with a product labeling and/or product insert that includes instructions for using or administering Yuviwel® to treat patients that infringes the RE'267 patent. Consequently, Ascendis induces healthcare professionals, caregivers, patients and other end users of the Yuviwel® products to directly infringe the RE'267 patent. On information and belief, Ascendis encourages acts of direct infringement with knowledge of the RE'267 patent and knowledge and intent to encourage infringement thereof.

46. Ascendis's labeling indicates the use of Yuviwel® for increasing "linear growth" in pediatric patients two years of age and older and instructs healthcare providers to administer Yuviwel® to patients two years of age and older in accordance with methods described in and claimed in the RE'267 patent. Ex. 6, Yuviwel® Label at Section 1. Ascendis's labeling for Yuviwel® explicitly instructs healthcare providers, caregivers, and patients to use Ascendis's product in a manner that will directly infringe one or more claims of the RE'267 patent. *Id.* at Sections 1 and 12; Ex. 23, Yuviwel® Instructions for Use. Ascendis, through at least its Yuviwel® labeling, knew and intended to induce infringement of the RE'267 patent by healthcare providers, caregivers, and/or patients who administer the product.

47. Ascendis is not authorized or licensed to use the invention disclosed and claimed in the RE'267 patent.

48. If Ascendis launches Yuviwel® as promised, Ascendis's infringing activities will cause irreparable injury to BioMarin if Ascendis is not enjoined by the Court from further violation of BioMarin's rights.

49. As a direct and proximate result of Ascendis's unlawful infringement, BioMarin has suffered injuries and will continue to suffer injuries in an amount that is not presently ascertainable but will be proven at trial.

**WILLFUL INFRINGEMENT**

50.    Ascendis's infringement and inducement of infringement of the RE'267 patent has been and continues to be intentional, willful, and deliberate.  Ascendis's acts of infringement are consistent, willful, egregious, and bad-faith misconduct, entitling BioMarin to seek enhanced damages under 35 U.S.C. § 284 and to seek attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

51.    As set forth above, despite Ascendis's actual knowledge of the RE'267 patent, Ascendis has infringed and continues to infringe the RE'267 patent, making such infringement willful and intentional.  Ascendis has no reasonable basis for asserting that the commercial manufacture, use, offer for sale, sale, or importation of Yuviwel® will not infringe, induce the infringement of, and/or contribute to the infringement of the RE'267 patent.

52.    Ascendis had actual knowledge of the RE'267 or should have known its actions and its Yuviwel® product constitute infringement or recklessly disregarded those facts.

**PRAYER FOR RELIEF**

WHEREFORE, BioMarin prays that the Court enter an Order against Ascendis as follows:

1)    Judgment that Ascendis has infringed, and continues to infringe, one or more claims of the RE'267 patent;

2)    Judgment that Ascendis has contributed to and induced, and continues to contribute to and induce, infringement of the RE'267 patent;

3)    Judgment that Ascendis's infringement of the RE'267 patent has been and continues to be willful;

4)    An order preliminarily enjoining Ascendis, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, attorneys, representatives, and all others acting for, with, on its behalf, or in active concert or participation with it from further infringement of the RE'267 patent, including through the importation, marketing, manufacture, use, offer for sale, or sale of Yuviwel®;

5)    Permanent injunctive relief enjoining Ascendis, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, attorneys,

representatives, and all others acting for, with, on its behalf, or in active concert or participation with it from further infringement of the RE'267 patent;

6)    An order for an accounting of damages from Ascendis's infringement;

7)    An award of actual damages, together with prejudgment interest;

8)    An award of increased or enhanced damages pursuant to 35 U.S.C. § 284;

9)    An award of attorneys' fees and costs pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

10)    An award of such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b) and Civil Local Rule 3-6(a), BioMarin hereby demands a trial by jury on all issues so triable.

Dated:                                                   Respectfully submitted,

_____

Edward R. Reines (SBN 135960)
ereines@jonesday.com
S. Christian Platt (SBN 199318)
cplatt@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:   (650) 739-3939
Facsimile:    (650) 739-3900

Jason G. Winchester (*pro hac vice* pending)
jgwinchester@jonesday.com
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone:   (312) 782-3939
Facsimile:    (312) 782-8585

Gasper J. LaRosa (*pro hac vice* pending)
gjlarosa@jonesday.com
Sabrina A. Bellantoni (*pro hac vice* pending)
sbellantoni@jonesday.com
Lauren H. Kim (*pro hac vice* pending)
lkim@jonesday.com
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone:   (212) 326-3939
Facsimile:    (212) 755-7306

Attorneys for Defendant and Counterclaim-
Plaintiff
BIOMARIN PHARMACEUTICAL INC.

No. 4:25-CV-05696-YGR                                    - 17 -                       BioMarin's Proposed Answer to
Complaint and Counterclaim for Patent
Infringement