**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| **ASCENDIS PHARMA, INC. ET AL.,**<br><br>Plaintiffs,<br><br>v.<br><br>**BIOMARIN PHARMACEUTICAL INC.,**<br><br>Defendant. | Case No. 4:25-cv-05696 -YGR<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO LIFT STAY**<br><br>Re: Dkt Nos. 59, 75, 78 |

Pending before the Court is BioMarin's administrative motion to lift the Court's stay. (Dkt. No. 59.) BioMarin requests that the Court lift the stay to allow it to move for a preliminary injunction that would enjoin Ascendis from launching a competing drug that allegedly infringes BioMarin's '267 patent. (Dkt. Nos. 59, 75.) Ascendis opposes that motion. (Dkt. No. 74.) The Court, having considered the parties' briefing, **DENIES** BioMarin's motion while a parallel action—which *BioMarin* initiated—is pending before the International Trade Committee ("ITC").

## I.    BACKGROUND

Because neither BioMarin nor Ascendis have taken consistent positions throughout this case, the Court will again summarize the procedural history.

On April 1, 2025, BioMarin filed a patent infringement complaint against Ascendis with the ITC. It did so one day after Ascendis sought approval from the FDA for its drug TransCon CNP. In response, Ascendis filed a declaratory judgment action in this Court. *Ascendis Pharma A/S et al. v. BioMarin Pharmaceutical Inc. et al.*, No. 4:25-cv-03302-YGR, Dkt. No. 1 (N.D. Cal.) ("Original Action").  BioMarin moved to dismiss Ascendis's complaint, or in the alternative, to stay the district court action. BioMarin claimed that a discretionary stay was vital because a related statute that governs ITC proceedings (28 U.S.C. § 1659(a)) authorizes respondents (which BioMarin was not) to request the mandatory stay of a parallel civil action to prevent infringement

proceedings from occurring in two forums at the same time. (*Id.*, Dkt. No. 31.) Ascendis opposed that stay and sought the opposite by moving for a speedy hearing on its safe harbor defense. (*Id.*, Dkt. Nos. 32, 33.) Prior to the Court's ruling on either motion, Ascendis abandoned its request for a speedy hearing and voluntarily dismissed its complaint on July 7, 2025. (*Id.*, Dkt. No. 45.) On that same day, Ascendis filed a new complaint seeking similar declaratory relief. *Ascendis Pharma A/S et al. v. BioMarin Pharmaceutical Inc. et al.*, No. 4:25-cv-05696-YGR, Dkt. No. 1 (N.D. Cal.) ("New Action").

Two weeks later, Ascendis reversed its prior position and filed a motion to stay the New Action pending the ITC proceedings, arguing that it was now entitled to a mandatory stay. (*Id.*, Dkt. No. 25.) BioMarin opposed Ascendis's requested stay—the logic of which BioMarin argued no longer applied—and instead sought a discretionary stay. (*Id.*, Dkt. No. 35.) On September 9, 2025, the Court granted BioMarin's motion "pending the final resolution of the ITC proceedings" to avoid wasting further judicial resources. (*Id.*, Dkt. No. 54.) Ascendis appealed that ruling to the Federal Circuit, which recently affirmed. (*Id.*, Dkt. No. 79-1.)

Meanwhile, on February 27, 2026, Ascendis announced that the FDA had approved its drug Yuviwel (developed as TransCon CNP) and that it anticipated launching the drug "during the early part of Q2 2026." (*Id.*, Dkt. No. 61-1.)

On March 11, 2026, BioMarin filed the instant administrative motion to lift the stay so that it could file a motion for a preliminary injunction, notwithstanding that it (i) affirmatively chose to proceed before the ITC, and thus, (ii) previously sought to dismiss and/or stay the civil action. (*Id.*, Dkt. No. 59.) BioMarin argues that Ascendis has "radically changed" the circumstances of this action by "threatening to launch Yuviwel before the ALJ even has the opportunity to adjudicate the ITC investigation . . . ." (*Id.* at 3–4.) The parties informed the Court that the ITC hearing will begin on April 20, 2026 and the ALJ's decision is due on or before August 21, 2026. (*Id.* at 1.)

## II.    DISCUSSION

A district court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "Courts within the Ninth Circuit have recognized that '[a] court

2

may abandon its imposed stay of litigation if the circumstances that persuaded the court to impose the stay in the first place have changed significantly.'" *Miller v. Plex, Inc.*, 2024 WL 348820, at *2 (N.D. Cal. Jan. 30, 2024) (citation omitted).

The Court finds that the circumstances and rationale that drove it to grant the stay have not changed significantly. It remains true that "[t]he point of the stay is to avoid continued litigation while an ITC proceeding is pending." *Ascendis Pharma A/S et al. v. BioMarin Pharmaceutical Inc. et al.*, No. 23-1026, Dkt. No. 39 (Fed. Cir. March 6, 2026); *see also In re Princo Corp.*, 486 F.3d 1365, 1368 (Fed. Cir. 2007). When that logic suited BioMarin, it argued that "[i]t is well accepted that proceedings on the same patent infringement disputes should not proceed in parallel at the ITC and in the district court." (Original Action, Dkt. No. 31 at 13.) The ITC investigation is no longer in its infancy. The parties are on the precipice of the ITC hearing, and the ALJ may well issue a decision shortly thereafter. If the Court lifted the stay, it would run the risk of inconsistent verdicts and would waste judicial resources.

Nor is Ascendis's impending launch a significant change in circumstance. BioMarin filed its complaint with the ITC because Ascendis sought FDA approval under a "priority" review process, meaning that any approval would likely be expedited. BioMarin could have filed suit in this Court in the first instance, but it *chose* not to. BioMarin instead chose the ITC—a forum where an expedited, complete process could occur. As part of that strategy, BioMarin relinquished its ability to seek, without constraint, preliminary injunctive relief from a district court.[1] Because BioMarin selected the forum, and because BioMarin understood that expedited FDA review was imminent, it cannot argue that the launch constitutes a significant change in circumstance.

Moreover, BioMarin's request suggests that it has not considered the burden that it seeks to impose on the Court for relatively minor benefit. BioMarin requests that the Court issue a stop-gap injunction that prevents Ascendis's launch (planned for the beginning of Q2) through the ALJ's final decision. That is, at most, a four-month period. At the same time, the parties' hearing before

---

[1] A complainant may seek a temporary exclusion order (the ITC analog of a preliminary injunction) from the ITC in some instances. Although not dispositive, the Court understands from the parties' briefing that BioMarin did not seek a temporary exclusion order from the ITC.

United States District Court
Northern District of California

the ITC will begin on April 20, 2026, and the ALJ will issue its decision shortly thereafter. The parties can easily inform the ALJ of the urgency of the issue. Given the parties' briefing schedule, even if the motion was deemed submitted as of today, the matter would not be fully briefed and before the Court for a hearing until the end of May 2026. The Court may determine from there that an evidentiary hearing is necessary. Under that compressed timeline, the Court must then issue an order delving into the merits of this case before August at the latest. It is not lost on the Court that BioMarin presses it to step in and duplicate work in hopes that this Court reaches a conclusion faster than the ITC. Moreover, the Court has not reviewed evidence that suggests that a temporary launch would cause BioMarin significant harm. Indeed, BioMarin has acknowledged in public statements that "any switching of our Voxzogo patients will take time and be difficult." (Dkt. No. 74-3, Ex. B.)

Under those circumstances, the Court **DENIES** BioMarin's request to lift the stay in this action. The stay will remain until the final resolution of the ITC proceedings. The case will remain **CLOSED** for statistical purposes only.

The parties are **ORDERED** to file a joint notice within fourteen days of final resolution of the ITC investigation, stating that the ITC proceeding has resolved and proposing a case management plan for the instant case, including notification as to whether the action should be returned to the Court's active docket.

This terminates Dkt. Nos. 59, 75, 78.

**IT IS SO ORDERED.**

Dated: March 30, 2026

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California

4